MISSOURI, K. & T. RY. CO. OF TEXAS v. R. G. ANDREWS LUMBER CO.
(No. 20–2634.)

(Commission of Appeals of Texas, Section A. Dec. 11, 1918.)

1. APPEAL AND ERROR ☞978(3)—DISCRETION OF COURT—MISCONDUCT OF JURY—STATUTE.

Appellate courts are not authorized to disturb the verdict, where the trial court has refused new trial for misconduct of the jury, unless the court has abused the discretion reposed in it by Rev. St. 1911, art. 2021.

2. NEW TRIAL ☞47—MISCONDUCT OF JURY—DISCRETION OF COURT—STATUTE.

Denial of plaintiff's motion for new trial on account of misconduct of juror in talking with witness, who averred that a witness for plaintiff had lied, but whose statement did not go against plaintiff's substantive case, held not abuse of discretion reposed in court by Rev. St. 1911, art. 2021.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Action by the R. G. Andrews Lumber Company against the Missouri, Kansas & Texas Railway Company of Texas. To review a judgment for defendant, plaintiff brought error to the Court of Civil Appeals, which reversed (158 S. W. 1194), and defendant brings error. Judgment of the Court of Civil Appeals reversed, and judgment of the trial court affirmed, on recommendation of the Commission of Appeals.

Alex S. Coke, of Dallas, and Dinsmore, McMahon & Dinsmore, of Greenville, for plaintiff in error.

J. H. Beavers, of Winnsboro, Jones & Jones, of Mineola, and Harris, Suitor & Button, of Quitman, for defendant in error.

STRONG, J. The R. G. Andrews Lumber Company, plaintiff, brought this suit against the defendant railway company, alleging that its planing mill, together with other property belonging to plaintiff, was destroyed by fire negligently set out by defendant company.

A trial before a jury resulted in a verdict for defendant. The only question presented for review is the alleged misconduct of one of the jurors during the trial of the case.

The trial court overruled the motion for a new trial, after hearing the evidence on the question of misconduct of the juror. The Court of Civil Appeals held that the new trial should have been granted, and reversed and remanded the cause. 158 S. W. 1194.

To clearly understand the question presented, it is necessary to state that Jerry Lee, a witness for plaintiff, who was night watchman at the mill at the time of the fire, testified to a state of facts that would have sustained a finding by the jury in favor of plaintiff. In the course of his testimony, Lee stated that his duties as night watchman required him to be constantly present in and about the mill from 6 o'clock in the evening until 6 in the morning; that on the night of the fire (the fire occurred about 11 o'clock at night) he was in the performance of his duties when he discovered the fire; that at the time he discovered the fire he was engaged in cleaning out the flues of the boiler with a "swab"; that the swab had a wooden handle; that upon discovering the fire he left the swab fastened in one of the flues. For the purpose of corroborating the witness Lee that he was in the performance of his duties on the night of the fire, and in position to see and know the origin of the fire, plaintiff placed on the stand its general manager, Claud Dodgen, who testified in substance that it was Lee's duty to be constantly in and about the mill from 6 o'clock in the evening until 6 in the morning, and that he had been faithful in the discharge of his duties prior to the fire. Dodgen further testified that on the day after the fire he found a swab, or a part of it, fastened as described by Lee in one of the flues, and that he was not certain, but was under the impression, that the handle of the swab was an inch iron pipe about 12 or 14 feet long. Dodgen testified to no other material facts in the case.

The testimony adduced upon the hearing of the motion for a new trial relating to the misconduct alleged was in substance as follows: Sterrill Bates testified that he was in attendance upon the trial of the case as a witness; that he became acquainted with J. D. Fox, one of the jurors in the case, during the trial; that he and Fox lived in the same section of the county; that, during the progress of the trial, court adjourned from Saturday until Monday; that he and Fox went home together Saturday afternoon, and returned to court together Sunday night; that on the trip they passed the place where the mill was burned, and he pointed out to Fox where the fire was first discovered, and Fox replied that he knew all about it; that later the case was mentioned, and he stated to Fox that, if all the witnesses swore like Claud Dodgen, they would beat the railway company; that the testimony of Dodgen to

the effect that the handle of the swab was iron, and was 12 or 14 feet long, was a lie; that he (Bates) knew the handle was made of wood, because he was at the mill on the next day after the fire, and saw the swab fastened in the flue, and the handle was burned off. Bates further testified that he told Fox he was at the mill for about 15 minutes one night, about 15 days before the fire, and did not see Jerry Lee there on that occasion. He also testified that he and Fox agreed to say nothing about the conversation. The juror Fox corroborated Bates as to what was said between them, except that he did not recall that Bates made any statement about Jerry Lee being away from the mill at any time. Fox also testified that he made no statement to any other member of the jury about what Bates had said to him, and that the statements made by Bates had no influence whatever with him in arriving at a verdict. The record further discloses that Bates had been an employé of the plaintiff for about 5 years, and was such at the time of the fire and at the time of the trial. Bates was subpœnaed as a witness by defendant, but was not used. He was excused by defendant on Saturday afternoon, but required by plaintiff to remain in attendance upon the court, and was placed on the stand by plaintiff as a witness. The Court of Civil Appeals found as a fact that there was nothing in the record to show that the juror Fox was influenced by what Bates said.

[1, 2] The statute leaves it to the discretion of the trial court to set aside a verdict for misconduct of the jury, and appellate courts are not authorized to disturb the verdict, where the trial court has refused a new trial for misconduct of the jury, unless the court has abused the discretion reposed in it by statute. Article 2021, R. S. 1911. The only purpose of the testimony of the witness Dodgen was to show that the night watchman, Lee, was at the mill the night of the fire, and in a position to see and to know how the fire originated. His testimony as to the material of which the handle of the swab was made was immaterial, except in so far as it tended to establish this fact. This being true, Bates' statement to the juror Fox that he knew Dodgen swore a lie about the material of which the handle of the swab was made, because he was at the mill on the next day after the fire, and saw the swab in the flue, and the handle was burned off, was favorable to plaintiff. The statement strongly tended to establish the identical fact which plaintiff had sought to establish by the testimony of Dodgen, to wit, that the night watchman, Lee, left the swab in the flue when he discovered the fire. There was nothing in the statement which could have influenced the juror against plaintiff's theory of the case. There is no question but that, under the statute, the exercise of the discretion of the trial judge may be reviewed, where it clearly appears that the rights of

the parties have been disregarded. Railway Co. v. Gray, 105 Tex. 43, 143 S. W. 606. Whether the rights of the parties have been disregarded is, under the statute, left to the determination of the trial judge, and, unless the record shows an abuse of his discretion, appellate courts are bound by his finding. Kalteyer v. Mitchell, 102 Tex. 390, 117 S. W. 792, 132 Am. St. Rep. 889. The record does not disclose such abuse of discretion on the part of the trial judge as to authorize a reversal of the case on this ground.

We are of opinion that the judgment of the Court of Civil Appeals should be reversed, and the judgment of the district court affirmed.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.