LOWERY v. McCRARY TRANSFER & STORAGE CO.    (No. 6100.) *

(Court of Civil Appeals of Texas. Austin. June 25, 1919.)

1. APPEAL AND ERROR ⬥499(4)—RECORD—REVIEW — OBJECTION NOT SHOWN ON RECORD.

Where the record shows that appellant filed with the record written objections to the court's charge, but fails to show that such objections were presented to the trial judge as required by the amendatory act of 1913 (Acts 33d Leg. c. 59 [Vernon's Sayles' Ann. Civ. St. 1914, art. 1971]), such objections cannot be presented on appeal.

2. HUSBAND AND WIFE ⬥162—WAREHOUSEMEN — ACTION FOR LOSS — CROSS-ACTION — DEFENSES—COVERTURE.

In suit by a married woman against a warehouseman for loss of goods, plaintiff cannot object to defendant's judgment on cross-action for storage fees, where she did not plead coverture as a defense to such cross-action, and in a supplemental petition she alleged facts showing that the goods were her separate property, that she had separated from her husband, and that she had power to make the contract of storage.

Appeal from District Court, McLennan County; H. M. Richey, Judge.

Action by Mrs. Lola Lowery against the McCrary Transfer & Storage Company, in which defendant filed a cross-action. From a judgment against plaintiff as to her action, and judgment for the storage company in the cross-action, she appeals. Affirmed.

Jas. E. Yeager, of Waco, for appellant.

KEY, C. J. Appellee was engaged in the storage business for hire, and appellant stored with it certain property, which was destroyed by fire, and this suit was brought by appellant against appellee to recover the value of the property. Appellee filed a cross-action and recovered judgment against appellant for $9, due as storage fees. Judgment was rendered against the appellant as to her suit for damages, and she prosecutes this appeal.

[1] Most of the assignments of error presented in appellant's brief consist of complaints against the different portions of the court's charge to the jury. The record fails to show that any of the objections referred to were presented to the trial judge either before or after he read his charge to the jury, and therefore appellant is not entitled to present those objections in this court. G., T. & W. Ry. Co. v. Dickey, 108 Tex. 126, 187 S. W. 184.

The record shows that appellant filed with the clerk of the court below written objections to the court's charge, which objections constitute the basis of the assignments of error presented in this court; but the record fails to show that the objections referred to were ever presented to the trial judge, as required by the amendatory act of 1913 (Acts 33d Leg. c. 59 [Vernon's Sayles' Ann. Civ. St. 1914, art. 1971]) as construed by our Supreme Court in the case just referred to.

We overrule appellant's contention that the testimony did not raise the issue presented by appellee's requested instruction No. 1.

[2] Appellant's objection to judgment rendered against her upon appellee's cross-action is without merit. She did not plead her coverture as a defense to the cross-action. In a supplemental petition, which seems to have been filed as a reply to a plea in abatement because appellant's husband had not joined her in the suit, she alleged facts sufficient to show that the property in question was her separate property; that she and her husband were separated, and that she had the power to make the contract which formed the basis of the cross-action.

After due consideration of all the assignments of error, our conclusion is that the judgment should be affirmed; and it is so ordered.

Affirmed.

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Rehearing denied October 15, 1919.