## MARINE BANK & TRUST CO. v. EPLEY. (No. 9190.)

Court of Civil Appeals of Texas. Galveston. Oct. 19, 1928.

Rehearing Denied Nov. 15, 1928.

King & Wood. Wm. E. Loose, and Lawrence DuMars all of Houston, for appellant.

Cole, Cole, Patterson & Kemper, of Houston, for appellee.

GRAVES, J. Epley sued the bank to recover the proceeds of a $4,500 note he had executed to it, which he charged it with having misapplied and converted by crediting the amount on its books to the account of the Houston Trading Company, a corporate customer in which Epley himself was both a stockholder and treasurer.

In answer, the bank pleaded the connection between Epley and the trading company, alleging that he had borrowed the $4,500 from the bank, giving it the note therefor, and instructing its officers to so credit the proceeds to the account of the trading company; that he knew, at the time it was done, of such application, acquiesced therein, and afterwards, by his official treasurer's checks upon the account of the latter concern, drew the money out; that, having with full knowledge of the facts ratified and approved the acts of the bank's officers, he was estopped to assert any claim against it.

By supplemental pleading, after exceptions and denials, Epley replied that part of the $4,500 had been applied by the bank to the discharge of the trading company's indebtedness to it on overdrafts, which it had customarily permitted to be incurred.

The exceptions referred to were overruled, and the cause submitted to a jury upon two special issues, which together with the verdict thereon were as follows:

"No. 1. Was the proceeds of the $4500.00 note deposited to the credit of the Houston Trading Company without the consent of plaintiff Epley? "Yes.

"No. 2. Did the plaintiff Epley knowingly permit defendant bank to apply the proceeds of the $4500.00 note in question to the payment of the overdraft of the Houston Trading Company? "No."

From a judgment on the verdict in favor of Epley, the bank appeals.

Appellant contends the judgment should be reversed, in substance, because: (1) The verdict was contrary to the overwhelming preponderance of the evidence; (2) after proper requests for each of them, there should have been submitted to the jury an appropriate instruction upon circumstantial evidence, as well as proper inquiries embodying the issues of ratification and estoppel; (3) the argument of appellee's counsel to the jury was improper, in that it informed them of the legal effect of their answers to the two special issues submitted.

The first of these presentments is comprehended under appellant's proposition No. 1 and supporting assignments 1 to 7, inclusive, which are objected to as insufficient to invoke appellate review, "in that they do not point out the respect in which it is contended that the great weight and preponderance of the evidence was against the verdict of the jury."

The objection is overruled; the proposition asserted that "the court erred in rendering and entering its judgment upon the verdict of the jury, because such verdict is contrary to the overwhelming weight and preponderance of the evidence," while assignments 2 and 3, being copies of separate paragraphs in the motion for new trial, directly assail-

ed the trial court's action in overruling appellant's motion to set aside the jury's answer to special issue No. 1, because such answer was, as therein severally recited, "contrary to and against the great weight and preponderance of the evidence," and "contrary to and against the overwhelming weight and preponderance of the evidence."

The inquiries submitted and the verdict thereon have been copied, and, to quote with approval from appellant's reply to the objection under consideration:

"The jury's answer to Special Issue No. 1 is a direct finding that the proceeds of the $4500.00 note were deposited to the credit of the Houston Trading Company without the consent of the plaintiff, Epley. Thus, appellant by motion to set aside the verdict and by motion for new trial directed the trial court's attention to the error complained of, and asserted that such finding of the jury was contrary to the overwhelming weight and preponderance of the evidence. It certainly could not have made the assignment more specific to have added that the overwhelming weight and preponderance of the evidence established that the proceeds of the $4500.00 note in question was not credited to the Houston Trading Company, without the consent of the plaintiff, Epley. That assertion and complaint was necessarily embodied in the motion to set the verdict aside, wherein it is asserted that the jury's answer to Special issue No. 1 is contrary to the overwhelming weight and preponderance of the evidence. The court with that assertion in mind, reading the issue and answer, could not escape the conviction and understanding that appellant was contending that the overwhelming weight and preponderance of the evidence established just the reverse of the jury's answer to that issue.

"The case of M., K. & T. [R. Co.] v. Patterson [Tex. Com. App.] 228 S. W. 119, cited by appellant in our opinion requires the consideration of appellant's assignment."

Under others of the cited assignments, precisely this same procedure, with like effect, was shown to have been taken with reference to special issue No. 2.

■ The proposition cannot, however, be sustained. After a careful review of the statement of facts, we conclude that, while the preponderance of the evidence seems to us to be against the verdict, there is not under all the circumstances such an overwhelming weight that way as to make it clearly wrong; this court may not, therefore, interfere.

■ Neither, we think, was the complained-of argument of appellee's counsel improper; he merely first said to the jury:

"This case is submitted to you upon special issues and your verdict will consist of answers made to those issues. This is not a case where you can go out and return a general verdict finding for the plaintiff or the defendant as you feel the evidence justifies. It is not proper for an attorney in his argument to tell you what effect your answers to these special issues will have upon the final disposition of the case, but

he can indicate how he desires you shall answer the question and state his reasons therefor."

On the court's suggestion to him that it seemed a little dangerous, after objection from opposing attorneys, he himself asked that it be withdrawn, which the court did under instruction to the jury that they should not consider it; the same counsel then said in closing that "plaintiff requests that you answer special issue No. 1 yes," whereupon defendant's counsel again objected that the two statements together "informed the jury of the legal effect such answer would have"; the same withdrawal and instruction not to consider from the court, as before ensued.

We neither see how counsel could have argued in behalf of one side thereon these simple special issues of fact without indicating to the jury how he thought they should be answered under the evidence, nor—even if his remarks were tantamount to advising them of the legal effect of their answer—how he could have been telling them anything they did not know anyway; G. H. & S. A. R. Co. v. Harling (Tex. Com. App.) 260 S. W. 1016; Id. (Tex. Civ. App.) 208 S. W. 207; Fain v. Nelms (Tex. Civ. App.) 156 S. W. 281 (writ refused); City of Dallas v. Maxwell et ux. (Tex. Civ. App.) 231 S. W. 429, reversed on other grounds (Tex. Com. App.) 248 S. W. 667; G. H. & S. A. R. Co. v. Fleming (Tex. Civ. App.) 203 S. W. 105; Rice v. Garrett (Tex. Civ. App.) 194 S. W. 667; T. & B. V. R. Co. v. Dodd (Tex. Civ. App.) 167 S. W. 238; Ins. Co. of Pennsylvania v. Couch (Tex. Civ. App.) 290 S. W. 274 (d. f. w. j.).

■ Furthermore, the jury presumably followed the court's instruction not to consider. Winters v. Duncan (Tex. Civ. App.) 220 S. W. 219 (writ refused); G. C. & S. F. v. McMahan, 6 Tex. Civ. App. 601, 26 S. W. 159 (writ refused); Pullman Car Co. v. Booth (Tex. Civ. App.) 28 S. W. 719 (writ refused).

■ As before indicated, appellant properly requested the court to submit to the jury the inquiries upon (1) whether or not Epley, with knowledge that the bank had credited the $4,500 to the trading company's account, expressly or impliedly ratified that act; and (2) whether or not, prior to such crediting, there had been an agreement between him and the bank that the trading company might overdraw its account to the extent of the $4,500, and that Epley would execute the note in question for the purpose of paying such overdraft, with the understanding that its proceeds would be so deposited and applied. These issues, we think, were raised by the pleadings and evidence, hence should have been submitted, since they were nowhere given in the court's charge.

■ The chief arguments advanced by appellee in support of the court's action in so excluding them are that, as to the first, "the only thing pleaded by way of ratification

was the alleged drawing of checks by the appellee as treasurer of the Houston Trading Company against the proceeds of the said $4,500 note," and, concerning the second, "as to which agreement there was no pleading by the defendant." It is further urged that there was no evidence in the record to support any such issue as was thus alone pleaded upon ratification, that is, that it was based solely on the alleged drawing of checks as treasurer against the proceeds of the $4,-500 note.

While appellant's pleadings upon these matters could not be aided by those of its antagonist denying the allegations made, we conclude that they were not properly subject to this restriction in construction, but in fair purport and effect charged ratification and estoppel generally; after alleging that prior to March 20, 1926, and on all material dates, Epley was treasurer of the trading company, and borrowed from the bank $4,-500 on March 27th of that year, executing his note therefor, and instructing the latter's officers to credit the proceeds to the account of the trading company, there are these further averments:

"That at the time of the execution and delivery of said note by the plaintiff to the defendant the defendant's agents and officers prepared a deposit slip in duplicate showing a deposit of $4500.00 to the credit of Houston Trading Company, being the proceeds of the said loan to the plaintiff, A. W. Epley, and delivered a duplicate of said deposit slip to the said A. W. Epley, who received the same from the hands of defendant's agent, and knew and acquiesced in the action of the defendant and its agent in depositing the proceeds of said note to the credit of Houston Trading Company. The plaintiff, A. W. Epley, with full knowledge of the fact that the defendant had deposited the proceeds of said loan to the credit of Houston Trading Company, as the Treasurer of said Houston Trading Company, himself personally drew and issued checks out of said account, * * * whereby the plaintiff, A. W. Epley, is estopped to assert any relief or claim against this defendant by reason of said facts.

"That the plaintiff, A. W. Epley, with full knowledge of the action by the defendant and its officers in crediting the proceeds of the said loan to the credit of Houston Trading Company, ratified and approved said action, and checked out said funds as treasurer of Houston Trading Company."

Knowledge of all the facts charged with reference to the credit, including the one that it was entered under Epley's express direction out of the proceeds of the loan the bank made him, together with his approval of and acquiescence in the actual entry—the essential elements of these defenses—were thus broadly, if somewhat imperfectly, set forth; we deem this sufficient in the circumstances. The trial court presumably took the same view, as it not only overruled the appellee's general demurrer to the appellant's answer

so declaring, but also received the evidence thereunder without qualification of any sort. With the pleadings thus construed the sufficiency of the supporting evidence to raise both issues becomes unquestionable: there was much of it plainly tending toward establishment of the general averments just referred to; all of it was admitted without objection at the time. The appellee now merely contends in this connection that none of it tended to support the only character of ratification pleaded by appellant—that based solely on the alleged drawing of checks by Epley as treasurer against the deposited proceeds of the $4,500 note—which position, being dependent upon what we have held to be a misconstruction of the pleadings, is untenable.

■ In the circumstances of this case, we are not prepared to sustain appellant's remaining insistence that the court prejudicially erred in failing to specially and affirmatively instruct the jury, as requested by it, that the facts to be elicited under the two special issues submitted might be established by circumstantial the same as direct evidence, or by both kinds. It is true there was in the charge given no such specific singling out and particular direction of the jury's attention to the portion of the evidence that was circumstantial in character as distinguished from such of it as was direct, but we do not think the exigencies of this controversy required such an isolation—a distinction the law does not, ordinarily at least, make. The charge did instruct the jury, in the customary way, that they were "the exclusive judges of the facts proved, the credibility of the witnesses, and of the weight to be given their testimony," as well as that "the burden of proof is upon the plaintiff to establish by a preponderance of the evidence the affirmative of Special Issue No. 1. The burden of proof is upon the defendant to establish by a preponderance of the evidence the affirmative of Special Issue No. 2." These directions clearly had reference to all the evidence, and it seems like quibbling to consider that the jury could have failed to so understand.

In other words, it does not appear that appellant was reasonably deprived of the consideration by the jury of any phase of the case it pleaded; this for the main reason that it offered much direct evidence in substantiation of its defense under the special issues given, both its president and assistant cashier testifying positively to the authorization by the appellee of the application of the $4,500 to the credit of the trading company, with the latter as directly and unquivocally denying it. Under the facts here, therefore, there would seem to have been no occasion for the giving of a separate charge on circumstantial evidence.

■ The circumstances in the record were

not peculiar to, nor did they seem to greatly predominate in favor of, the contention of either party; wherefore, in any event, we think the court's refusal to so charge, even if error, did not constitute such a denial of any right in appellant as probably resulted in an improper verdict or judgment. Rule 62a.

Under these conclusions, for the error of the court in excluding the issues of ratification and estoppel, the judgment must be reversed, and the case remanded for a new trial; that order has been entered.

Reversed and remanded.