## DUNLOP TIRE & RUBBER CO. v. TEEL et al. (No. 3166.)

Court of Civil Appeals of Texas. Amarillo.
Feb. 20, 1929.

Berry, Stokes, Warlick & Gossett, of Vernon, for appellant.

Storey, Leak & Storey, of Vernon, for appellees.

RANDOLPH, J. This suit was filed in the district court of Wilbarger county to recover upon three of a series of five promissory notes —the first two of said series having been paid. The notes sued on were signed by Clarence Teel, and were given to readjust debts owing by Teel to the appellant. Clarence Teel and Mark Neal, who constitute the Teel-Neal partnership, and A. C. Hill and O. M. Craig, were joined as defendants in the suit. Judgment was rendered upon special issues and answers thereto, against the defendants Clarence Teel, A. C. Hill, and O. M. Craig (upon an instructed verdict), and against appellant, and in favor of defendant Mark Neal upon the answers given by the jury to the issues submitted to them. From this judgment, that the plaintiff take nothing against the defendant Mark Neal, this appeal has been prosecuted.

The suit, as stated, was based, as against the defendant Clarence Teel, upon the three notes executed by him; as against the defendants Craig and Hill, because of their guaranty in writing of the payment by said Clarence Teel of the above-described notes.

As against the defendant Neal, plaintiff's cause of action, as stated in its petition, is as follows:

"Plaintiff further alleges that the Teel-Neal partnership, consisting of Mark Neal and Clarence Teel, was formed on or about March 21, 1927. That prior to and immediately preceding the formation of such partnership, Clarence Teel had been doing business in Vernon as the Clarence Teel Tire Company, and this plaintiff had sold to said tire company various goods, wares and merchandise on open account, and at the time of the formation of aforesaid partnership there was past due, unpaid and owing to this plaintiff on said open account an amount in the principal sum of aforesaid notes; that such account constituted the chief liability of the Clarence Teel Tire Company.

"Plaintiff further alleges that in the formation of the Teel-Neal Tire Company, Mark Neal promised and agreed with Clarence Teel as part consideration for his interest in the said partnership,

"(1) the assumption by him as a partner in the Teel-Neal Tire Company of the liabilities and obligations of the Clarence Teel Tire Company.

"(2) a payment by Mark Neal of $200.00 to one John Huntley for advances made by Huntley to the Clarence Teel business. That Mark Neal received as a valuable consideration for aforesaid agreement, promise, and part performance (1) one-half interest in certain equipment, goods, wares and merchandise belonging to the Clarence Teel Tire Company, (2) one-half interest in certain assets of the Clarence Teel Tire Company in the form of accounts receivable, (3) his right to

do business with Clarence Teel as a partner in the Teel-Neal Tire Company. In agreeing to assume the assets and liabilities of the Clarence Teel Tire Company Mark Neal promised as a partner in the Teel-Neal Tire Company for aforesaid valuable consideration to pay aforesaid obligation and account due to this plaintiff since said obligation and account constituted the chief liability of the Clarence Teel Tire Company, which liability was assumed by the Teel-Neal Tire Company as aforesaid.

"Plaintiff further alleges that on or about March 23rd, that aforesaid account was merged into aforesaid notes, and that in receiving said notes this plaintiff in nowise released Clarence Teel or Mark Neal from their promise and agreement with each other that the Teel-Neal partnership would assume the payment thereof; that this plaintiff received said notes with the understanding and agreement between this plaintiff, Teel and Neal that the partnership of Teel and Neal were responsible for the payment thereof.

"In addition to aforesaid allegations plaintiff says that at the time of the making of said notes and before receiving the same Mark Neal promised and agreed with this plaintiff, as an original undertaking as a partner in the Teel-Neal partnership and for and in consideration of this plaintiff's (1) promise to forbear to sue Clarence Teel on said past due account as it would otherwise have done (2) and at the request and for the benefit of Mark Neal to extend credit to the Teel-Neal partnership, to assume as a firm obligation the payment of aforesaid notes; and aforesaid consideration was given by this plaintiff and received by defendant Mark Neal.

"Plaintiff further alleges that but for the representations of Mark Neal as aforesaid that it would not have extended credit to Mark Neal's firm nor would it have forbore suit against Clarence Teel, and that relying upon aforesaid representations by Neal this plaintiff has suffered detriment if Neal be now permitted to deny aforesaid promises and agreements.

"Plaintiff would show that aforesaid promises and agreements by Mark Neal have been ratified and adopted in that notes Nos. 1 and 2 of aforesaid series were paid by the firm check of the Teel-Neal Tire Company, said checks being countersigned by Mark Neal."

The defendant Neal filed his answer, consisting of general and special exceptions, general denial, and a special plea setting up certain facts as a defense. Defendants Hill and Craig filed only a general denial.

The issues presented by the pleadings and the evidence were: Did the defendant Mark Neal, when he went into partnership with Clarence Teel, agree and promise Clarence Teel, as a part of the consideration for his purchase of a half interest in the tire business of Teel, to assume the indebtedness of Clarence Teel Tire Company? And, second: Did Mark Neal make the promises and representations set out in plaintiff's petition for the purpose of securing the extension of credit to the Teel-Neal Tire Company, and thereby agree to pay the debt of the plaintiff?

■ We can serve no useful purpose by detailing the evidence, but think it sufficient to say that the evidence was sharply conflicting. The plaintiff's evidence clearly supported the allegations of its petition, while that of the defendant clearly negatived such allegations and proof of the plaintiff. This being true, the verdict of the jury upon the issues is conclusive upon us.

The trial court submitted the case to the jury upon three issues, as follows:

"Special Issue No. 1:

"At the time of the formation of the partnership between Clarence Teel and Mark Neal under the firm name of Teel-Neal Tire Company, did Mark Neal, as a part of the consideration paid by him for the interest acquired by him in the partnership of Clarence Teel Tire Company, agree with Clarence Teel that the new firm of Clarence Teel and Mark Neal would assume and pay off the debt involved in this suit? Answer yes or no.

"Answer: No.

"Special Issue No. 2:

"At the time of the formation of the partnership between Clarence Teel and Mark Neal under the firm name of Teel-Neal Tire Company, did Mark Neal, as a part of the consideration paid by him for the interest acquired by him in the partnership of Clarence Teel Tire Company, agree with Clarence Teel that the new firm of Teel-Neal Tire Company, as a partnership, would pay all liabilities of the Clarence Teel Tire Company outstanding at the time of the formation of the partnership? Answer yes or no.

"Answer: No.

"Special Issue No. 3:

"Did the defendant Mark Neal promise the plaintiff that the Teel-Neal Tire Co. would pay the notes involved in this suit as a consideration for credit extended and to be extended to the Teel-Neal Tire Company? Answer yes or no.

"Answer: No."

Upon these issues, therefore, the verdict is conclusive. Old River Rice Irr. Co. v. Stubbs (Tex. Civ. App.) 168 S. W. 28, writ denied; Memphis Cotton Oil Co. v. Gardner (Tex. Civ. App.) 171 S. W. 1082, writ denied; Stevens v. Crosby (Tex. Civ. App.) 166 S. W. 62; Four Brotherhood Oil Co. v. Kelley (Tex. Civ. App.) 235 S. W. 604; Mansfield v. Rigsby (Tex. Civ. App.) 273 S. W. 290.

■ The plaintiff requested, and the trial court refused, to give to the jury special issue No. 7, which is in words as follows: "At the time of the making of the notes in suit did Mark Neal by representations or conduct

lead the Dunlop Tire & Rubber Company to believe that The Teel-Neal Tire Company would pay said notes?"

The plaintiff's suit is based upon an express promise on the part of Mark Neal to pay its debts, and further that such representations, i. e., promises, were the consideration for the extension of time to Clarence Teel, and for the extension of credit to the Teel-Neal Tire Company. This being true, those issues were fully presented to the jury, and, when they answered them in the negative, they settled the question that any such promise was ever made. There was, therefore, no purpose to be served by the giving of said special issue No. 7. Further, there were no allegations in plaintiff's petition which authorized the giving of said special issue No. 7, as requested.

The refusal of the trial court to define "consideration" is charged as error. The court charged, as stated in issues Nos. 1, 2, and 3 above. The word "consideration" as therein used has no technical meaning requiring the giving of a charge defining such word. It has a plain and simple meaning as commonly used, and especially would the jury need no further instructions as to its meaning, in view of the fact that the consideration named is clearly indicated in the charge—the agreement of Neal to assume and pay off the debt to plaintiff.

We have examined all propositions and assignments, and, finding no reversible error, we affirm the trial court's judgment.