## SMITH–BOYETT CO. v. ADAMS. (No. 715.)

Court of Civil Appeals of Texas. Waco.
April 25, 1929.

Barron & Ware, of Bryan, for appellant.
Henderson & Hoyle, of Bryan, for appellee.

On Motion for Rehearing.

STANFORD, J. Appellants' motion for rehearing is overruled, but our former opinion is withdrawn and in lieu thereof we file the following opinion:

This suit was filed by appellee against appellants, alleging, in substance, that the parties to this suit purchased a highway contract from M. M. Cravens, and constructed the highway as required by said contract, under an agreement by the terms of which appellee was to receive one-fourth of the net profits of both money and machinery, and that the net profits due appellee, after deducting $4,400 paid, was $3,739.78 and one-fourth the value of the machinery on hand. Appellants, in addition to other matters pleaded in defense, sought by cross-bill to defeat the recovery of appellee by alleging an agreement by the terms of which appellants were to charge commissions for financing said contract. In response to special issues favorable to appellee, the court entered judgment for

him for $2,374.15 and for one-fourth of said machinery, itemizing same. From said judgment, appellants have appealed and present the record here for review.

Under their first assignment appellants present the following proposition:

"When a case is submitted on special issues, it is error for a jury to first determine the kind of judgment they want rendered and then frame their answers, not according to the evidence, but to carry out the judgment previously arrived at."

There were two special issues submitted, as follows:

"1. Was it understood and agreed by and between plaintiff, A. S. Adams, and the defendant, Allen Smith, acting for the defendants, Smith-Boyett, at the time they made and entered into said contract, that the defendant, Allen Smith, should charge a reasonable commission or brokerage for financing said project?" To which the jury answered: "Yes."

"2. What sum of money, in dollars and cents, would be a reasonable charge or commission for financing said road project?" To which the jury answered: "$6,000.00."

On a motion for new trial based on misconduct of the jury in answering special issue No. 2 before answering issue No. 1, the court heard the evidence of several of the jurors, which evidence is properly before us in supplemental statement of facts. It will be observed there was no issue submitted in reference to appellee's right of recovery against appellants. Such right and the amount thereof was fixed by contract as applied to the undisputed evidence. The only controverted issue arose on appellants' cross-bill, in which defendants, appellants here, sought to recover of appellee under an alleged agreement therefor, a reasonable commission of $18,000 for financing the road work, and have same offset against plaintiff's (appellee's) recovery. While appellants were defendants in the case, still as to said cross-bill they were in the attitude of plaintiffs. Practically all of the jurors whose evidence was taken testified that they first considered the first issue—that is, was there any agreement that appellants were to receive a reasonable commission for financing the work; that they discussed this issue for some time, and voted on it, eight voting there was no such agreement and four voting there was. Then some one suggested they take up the second issue as to what would be a reasonable commission for financing the work. Some suggested it would be useless to decide the first issue unless they could agree on the second one; others suggested answering the second issue would automatically dispose of the first. Some of the jurors testified they then took up the consideration of both issues together, and others, that they then took up

the consideration of the second issue and, after some discussion, answered it, fixing a reasonable commission at $6,000, and then very soon agreed on the answer to the first that there was an agreement that appellants were to have a reasonable commission. Appellants' proposition above is correct as an abstract proposition of law. If the jury in this case had first determined that they wanted to give the appellants a judgment for $6,000, and then had proceeded to frame their answers, not according to the evidence, but so as to result in such judgment, then they would have been guilty of misconduct. Seale v. Schultz (Tex. Civ. App.) 3 S.W.(2d) 567, and cases cited. But this case does not come within the rule above stated. There is no evidence that the jury decided first what kind of a judgment they wanted rendered for appellants on their cross-bill, and then framed their answers, not according to the evidence, but with a view of accomplishing the result desired. On the contrary, the record indicates the jury discussed at length the evidence bearing upon both issues, and voted on same, and again discussed the evidence, etc. The record, we think, shows the jury made an honest, faithful effort to decide said issues according to the evidence, and we do not think it material which was answered first. As to whether or not a jury has been guilty of misconduct in arriving at a verdict is a matter addressed primarily to the discretion of the trial court, and his ruling will not be disturbed, unless it clearly appears the trial court abused such discretion. Hines v. Parry (Tex. Civ. App.) 227 S. W. 339; Jones v. Texas Electric Ry. (Tex. Civ. App.) 210 S. W. 749; M., K. & T. Ry. Co. of Texas v. R. G. Andrews Lbr. Co. (Tex. Com. App.) 206 S. W. 823. If there had been misconduct on the part of the jury in answering said issues, as both issues were answered in appellants' favor, we do not think appellants should be heard to complain.

The judgment is affirmed.