## AMERICAN NAT. INS. CO. v. GEORGE et al.
### (No. 7397.)

Court of Civil Appeals of Texas. Austin.
Nov. 6, 1929.

Rehearing Denied Nov. 27, 1929.

Tyler & Hubbard, Jas. B. Hubbard, and E. C. Zellner, all of Belton, and W. B. Weaver, of Corpus Christi, for appellant.

Barney A. Garrett, Weatherby & Rogers, and Witt, Terrell & Witt, all of Waco, for appellees.

BLAIR, J. As beneficiary, appellee, Mrs. Mattie Young George, sued appellant on a life insurance policy of $2,000, issued by appellant upon the life of Arlie Young, son of Mrs. George, and also sued for the statutory penalty and $1,000 attorney's fees.

Appellant answered that the application for the insurance provided that no liability would arise under the policy unless the insured was in good health at the time it was delivered, and that Arlie Young was not in good health, but was suffering from tuberculosis, or some other disease of which appellant had no knowledge when the policy was delivered, and that he continued to so suffer until he died. Appellant also filed the statutory admission of appellee's cause of action, except in so far as the same might be defeated by the above defense, and took the burden of the case. The jury found, in answer to a special issue, that Arlie Young was in good health on September 24, 1928, at the time the life insurance policy involved in this suit was delivered by the defendant. Judgment was rendered for appellee for the full amount sued for, including $1,000 as attorney's fees; hence this appeal.

The principal attack upon the judgment is that there was no evidence to support the jury's above finding, or that it was so against the great weight and preponderance of the evidence as to show passion and prejudice on the part of the jury.

Neither contention is sustained. Briefly the evidence shows that the policy was delivered on September 24, 1926. Arlie Young died on April 28, 1928, of broncho-pneumonic tuberculosis, which disease usually runs its course in from 20 to 90 days. He was taken ill about 60 days before his death. He was a baker by trade, and worked at his trade most of the time from 1925 until his death in 1928. Under statutory penalty, one so engaged must exhibit a health certificate of some reputable physician of the county where such person is employed once each six months. During the above period, and both before and after the issuance of the policy in suit, Arlie Young was examined and issued a health certificate by physicians at Freeport, Temple, San Angelo, and again at Temple; the last being issued in January 1927. Except for these above examinations and having had his tonsils removed about eight years prior to his death, Arlie Young never had a physician attend upon him for any illness during his lifetime. The evidence also shows that, when he was not engaged at his trade as a baker, he operated a dray, a gravel truck, or wagon, and worked in a garage in the battery department, all of which constituted heavy physical labor, and at no time did he lose any time from his employment as a baker or otherwise by reason of illness. He was what the witnesses called a blond, and was tall and thin, and due to his work at nighttime in the bakery his complexion was light or pale. Many witnesses, basing their testimony upon his personal appearance, testified that deceased was a sickly looking man and had a cough, and some of them testified that he was very weak and unable to do much physical labor along about the time the policy was delivered. Other witnesses testified to admissions and declarations of deceased, his mother and wife, that he was suffering from tuberculosis, or that they were afraid that he had tuberculosis, and that his father had died of that disease. The mother and wife denied ever having made any such declarations; and the evidence therefore merely presented a conflict, or affected the credibility of the witnesses, and was for the jury.

Appellant also seeks to reverse the judgment because of alleged misconduct of the jury, in that some of the jurors testified on the hearing of the motion for a new trial that they were influenced somewhat in answering the question as to whether Arlie Young was in good health at the time the policy was delivered by the fact that appellant issued the policy and took the premiums, and should pay same. But on cross-examination each juror testified that, if the above matter was mentioned, it was after the answer had been agreed upon to the question submitted, and each juror further testified that he answered the question from a preponderance of the evidence and under the belief that it showed deceased to be in good health at the time the policy was delivered. So, if this evidence raised any issue of misconduct, which we do not concede, the question was for the trial court to determine, and no abuse of the court's discretion to refuse a new trial is shown. Rev. St. 1925, art. 2232; Smith-Boyett Co. v. Adams (Tex. Civ. App.) 16 S.W.(2d) 925; Debes v. Greenstone (Tex. Civ. App.) 260 S. W. 211, 213; Gulf C. & S. F. Ry. Co. v. Higginbotham (Tex. Civ. App.) 173 S. W. 482; Sandifer v. Bank (Tex. Civ. App.) 8 S.W.(2d) 512; Galveston Electric Co. v. Biggs (Tex. Civ. App.) 14 S.W.(2d) 307; San Antonio Traction Co. v. Cassanova (Tex. Civ. App.) 154 S. W. 1190; Day v. G. C. & S. F. Ry. Co. (Tex. Civ. App.) 297 S. W. 501; H. & T. C. Ry. Co. v. Gray, 105 Tex. 42, 143 S. W. 606; Kalteyer v. Mitchell, 102 Tex. 390, 117 S. W. 792, 132 Am. St. Rep. 889; T. & P. Ry. Co. v. Aaron (Tex. Civ. App.) 19 S.W.(2d) 930.

It may also be stated in this connection that a second special issue was submitted in the alternative, as to whether appellant relied upon the representations that Arlie Young was in good health when the application was made and the policy delivered; appellee having alleged that appellant had not so relied and that she had paid all premiums due on the policy, which premiums appellant admitted having received, and tendered the amount paid into court. Therefore the fact that a policy had been issued and the premi-

ums paid was properly before the jury on the alternative issue, and the fact that they may have discussed this evidence is not misconduct of the jury.

Appellant also contends that it was reversible error for appellee's counsel to tell the jury what the effect of their answer to the issue submitted would be. The bill of exception shows that counsel stated, in substance, that, if they answered that Arlie Young was in bad health at the time of the delivery of the policy, then "this good woman (meaning appellee) could not recover." The record shows that, upon the objection being made, counsel apologized to the court and the jury, and the court immediately instructed the jury not to consider any argument as to the effect of their verdict. The court also charged the jury as follows: "You are instructed that it is no concern of yours what the effect of your answers to the special issues propounded to you will be on the judgment thereafter to be rendered by the Court in this case. You will, therefore, not consider or discuss or in any manner refer in your deliberations to the effect of your answers or any of them on the judgment to be rendered by this court."

It also affirmatively appears from the testimoney of the jurors on the motion for a new trial that they already knew what the effect of their answers would be to the question propounded; and some six or seven of them testified that counsel did not make the statement attributed to him. So, if he did make the statement, it at least had no effect upon the minds of these jurors, and gave no juror any information that he did not already have. G. H. & S. A. Ry. Co. v. Harling (Tex. Com. App.) 260 S. W. 1016; Fain v. Melms (Tex. Civ. App.) 156 S. W. 281; Marine Bank & Trust v. Epley (Tex. Civ. App.) 10 S.W.(2d) 739.

Appellant also insists that a new trial should have been granted because of alleged newly discovered evidence of some eight or ten witnesses. This newly discovered testimony was merely cumulative of that of some twenty witnesses introduced by appellant on the trial of this case, and to the effect that they knew Arlie Young and that he was sickly looking, and that he was unable to work along about the time the policy was issued, or that Arlie Young could not work in a bakery because he had tuberculosis, and other testimony of like character. If the jury would not believe twenty witnesses who presented testimony of this character, there is no reason why they should believe thirty-two or more; and we sustain the action of the trial court in refusing to grant a new trial upon the ground of newly discovered evidence. The record also shows that appellant did not exercise diligence to procure some of the newly discovered evidence at this trial of the case; this being this second trial of same. Rev. St.

1925, arts. 2234, 2232; Jones v. Wichita ᴸ. Co. (Tex. Civ. App.) 195 S. W. 890; Puett v. Brady (Tex. Civ. App.) 16 S.W.(2d) 832; Smith-Boyett Co. v. Adams (Tex. Civ. App.) 16 S.W.(2d) 925; Missouri, K. & T. R. Co. v. Andrews Lumber Co. (Tex. Com. App.) 206 S. W. 823; Kalteyer v. Mitchell, 102 Tex. 390, 117 S. W. 792, 132 Am. St. Rep. 889; Houston & T. C. R. Co. v. Gray, 105 Tex. 42, 143 S. W. 606.

The remaining contention of appellant is that the award of $1,000 as attorney's fees on a $2,000 insurance policy is clearly excessive, and the judgment for that reason should be set aside. Appellant, having filed the statutory admission of appellee's cause of action, and obtained the opening and concluding argument in the case, is in no position to assert the excessiveness of the judgment in this respect. No issue as to the excessiveness of the attorney's fees was raised either by pleading or proof; appellee having pleaded that $1,000 was reasonable, and appellant having admitted the cause of action except in so far as same would be defeated by the defense that Arlie Young was not in good health at the time of the issuance of the policy.

We find no error in the trial court's judgment, and the same is affirmed.

Affirmed.