## TORRES et ux. v. BRAZOS VALLEY BUICK CO.

### No. 9417.

Court of Civil Appeals of Texas. Galveston.
May 27, 1930.

Rehearing Denied July 3, 1930.

Gill, Jones & Tyler, of Houston, for appellants.

King, Wood & Morrow, of Houston, for appellee.

## GRAVES, J.

The appended statement, concededly correct in the main, with only slight interpolations of more specific reference to defenses pleaded by appellee, is taken from appellant's brief:

"This suit was filed by the plaintiffs, Severiano Torres and wife, Labrada C. de Torres, against the Brazos Valley Buick Company, a corporation, in the district court of Harris County, Texas, for damages for the death of their minor son, Severiano (or Jim) Torres, resulting from an automobile accident on or about March 12, 1928, in the City of Houston, in which was involved an automobile owned by the defendant, Brazos Valley Buick Company, and at the time being driven by its agent and employee. The following acts of negligence were alleged as jointly and severally the proximate cause of the death of plaintiffs' son, and are briefly and condensely stated as follows:

"First—That defendant's automobile was upon the occasion of the accident being operated at a dangerous and rapid rate of speed and at greater speed than was permitted by the laws of the State of Texas and in viola-

tion thereof, to wit: forty or more miles per hour.

"Second—That defendant's automobile was upon the occasion of the accident being driven at a greater rate of speed than was reasonable and proper in the circumstances, having regard for the traffic and use of the street and street intersections where the accident occurred, the same being in a densely populated portion of the City and in close proximity to several business establishments and at a place and time of day when traffic was especially heavy at such place.

"Third—That defendant's automobile was being driven without the driver's using ordinary care toward keeping watch or lookout or having the same under control, under all the facts and circumstances, for the safety of persons lawfully upon the street and street intersections.

"Fourth—That the defendant, its agent, servant and employee was negligent in that said driver of its automobile saw the perilous situation of the car in which plaintiffs' said son was riding but failed to use ordinary care and stop said automobile in time to avoid the collision with the automobile in which plaintiffs' son was riding, and that under the surrounding and attendant circumstances an ordinary prudent person would have stopped the same in time to have prevented any collision with the automobile in which plaintiffs' son was riding.

"There were other grounds of negligence alleged, but not material to this appeal, because there were no issues requested or submitted covering them. Defendant answered by general demurrer, general denial and numerous special pleas summarized as follows:

"That the driver of the automobile, in which plaintiffs' son was riding at the time of the collision with defendant's car and his death, was guilty of various acts of negligence, such as unlawful and excessive speed, driving said automobile into the car defendant's agent was operating, failure to keep a proper watch and lookout, failure to slow down at the street intersection and give the right of way to defendant's car, failure to have his car equipped with safe brakes, or to have them in good repair, or to have the car under control, and failure to have in command his faculties and sense of distance and proper faculties of sight, or, in the alternative, failure to use them as an ordinary person would have done. Defendant alleged that these acts of negligence upon the part of the driver of the car in which plaintiffs' son was riding at the time he met his death were imputed to plaintiffs' son, as he was engaged in a common enterprise with him. In addition to these grounds of imputed negligence, the defendant specially pleaded the contributory negligence of plaintiffs' deceased son, briefly summarized as follows:

"That he failed to keep a proper and reasonable lookout; failed to warn or direct the driver's attention to defendant's car which was alleged to be in clear view; failed to warn or direct the attention of the driver of the car in which he was riding in time to enable him to stop in time to avoid the collision; failed to disembark from the automobile in which he was riding; failed to assume control of the automobile or to warn the driver that he was driving too fast; failed to turn off the ignition switch; failed to have proper command of his faculties and sense of sight and distance, or if he had, failed to exercise ordinary care in the use of them, riding in an automobile inadequately and improperly equipped with brakes and riding with an inexperienced driver; and that the acts of negligence alleged of the driver of this automobile in which plaintiffs' son was riding at the time of his death were the sole proximate cause of the accident. Unavoidable accident was also pleaded in the alternative.

"The case was tried before a jury, and upon their answer to thirty-four special issues, submitted to them by the court, judgment was upon defendant's motion rendered for the defendant."

It is deemed unnecessary to detail at length the findings on the many inquiries submitted, this summary of what are thought material to a disposition of the appeal being considered sufficient:

Although finding that both cars at the time were being operated in excess of twenty miles per hour (a speed made unlawful by an ordinance of the city), the jury otherwise in all respects on the one hand acquitted appellee's driver, Oliver, of any negligence constituting a proximate cause of the collision, and on the other convicted appellants' driver, Kordowitz, of a number of negligent acts that did so cause it, that is, they found: (1) That Oliver's speed of over twenty miles per hour was not a proximate cause of the accident, nor greater than a person of ordinary prudence would have driven at under the same or similar circumstances, and that he did not fail to keep a proper lookout on the occasion; (2) that Kordowitz's speed—likewise in excess of twenty miles—not only was greater than a person of ordinary prudence would have used in the circumstances, but also constituted the sole proximate cause of the collision and resulting death; that his manner of operating the car was further negligent, in that he failed not only to have it under reasonable control, but also to keep a proper lookout, and, negligently proceeding on into the intersection of the two streets where the impact occurred after the appellee's car had already arrived there, drove his machine into and against it in such circumstances, each of which acts was the sole proximate cause of the collision.

It was also found that young Torres' death was the result of such an unavoidable accident

as was defined in the question asked the jury, that is, of "an unforeseen and unanticipated happening occurring without either the driver of the Buick Sedan, or the deceased, being guilty of negligence in the doing or permitting to be done or omitting to do anything that proximately caused his death," and that appellants were not entitled to any compensation as damages for his death.

In a word, under this verdict as a whole—inclusive of the last-stated finding of such unavoidable accident as was there defined—no inference even of proximately causative negligence is attributable to the appellee, the single particular of having merely exceeded the twenty-mile legal limitation as to speed, which itself was so affirmatively determined not to have had any producing effect in bringing on the collision, not amounting to any; whereas there is such negligence in all the several enumerated respects attributable to the appellants, the dominating one of them being the speed at which Kordowitz drove their car, since the quoted finding of an "unavoidable accident" expressly by its terms exculpated only the appellee and the deceased, Torres—not Kordowitz, all of whose culpable acts were binding on appellants, and whose negligent speed was still held to have proximately and solely caused the tragedy.

Such being the reaches and effect of the verdict returned, if there was sufficient support for it in the evidence, it was not only proper but the bounden duty of the trial court to enter the judgment that was rendered upon it.

After a painstaking examination of the statement of facts, this court cannot find there was any lack of such support, concluding rather that it was ample.

■ The rule stated by this court in Marine, etc., Co. v. Epley, 10 S.W.(2d) 739, that there must be such an overwhelming weight of evidence against the verdict as to make it clearly wrong, calls for an affirmance in this instance, because there is not even an adverse preponderance.

The insistence that the finding of more than twenty miles per hour, in the speed of appellee's car amounted to or required a further finding that this was the proximate cause of the accident is not tenable under the evidence as a whole, which makes it indisputable that—notwithstanding such excess—the collision would have occurred any way as the direct result of the equally high speed at which Kordowitz in the circumstances drove his car into the rear end of the appellee's, after the latter had practically crossed the entire intersection to the southeast corner of the two streets, where the impact was conclusively shown to have taken place—in other words, that his other acts of negligence, concurring at the critical moment with his own unabated, uncontrolled, and likewise excessive speed,

but for which the appellee's car would have very soon cleared the street he was on, constituted the sole cause of the collision.

Neither do we think, notwithstanding the many ably presented contentions of appellants in those respects, that there were any such errors of law as probably caused the rendition of an improper verdict or judgment, concluding rather that the material issues submitted to the jury fully and fairly presented those raised by the pleadings and evidence, and that none of the rulings made entailed prejudicial results.

■ Since the court had, before propounding the inquiries to the jury, properly defined negligence, ordinary care, and proximate cause as applied to the facts of this case, to which there was no objection, there was no reversible error, we think, in its refusing to additionally define the word "sole," which it had added to this term "proximate cause" in several of the questions presented to the jury, by saying: "By the term 'sole proximate cause' is meant the only proximate cause and none other"; it being a word of such simple, common and ordinary meaning that the jury could not reasonably have failed to appreciate its significance in relation to the acceptably defined terms to which it was prefixed; furthermore, an analysis of their findings on all the issues clearly indicates that they did in fact properly apprehend its meaning, it plainly appearing that upon the whole case they determined—as before stated upon sufficient evidence—that the speed at which Kordowitz drove his car was the sole proximate cause of the happening. Robertson & Mueller v. Holden (Tex. Com. App.) 1 S.W.(2d) 570; Ft. Worth & D. C. Ry. Co. v. Williams (Tex. Civ. App.) 275 S. W. 415; Eastern Texas Electric Co. v. Rhymes (Tex. Civ. App.) 1 S.W.(2d) 688; McCleskey v. McCleskey (Tex. Civ. App.) 7 S.W.(2d) 657; Dunlop Tire & Rubber Co. v. Teel (Tex. Civ. App.) 14 S.W.(2d) 104; Hanover Co. v. Hines (Tex. Civ. App.) 11 S.W.(2d) 621.

■ We do not think appellants' third proposition and assignment No. V, on which it is predicated, seeking to complain of the court's alleged action in not submitting "issues covering the doctrine of imminent peril," presents anything for review here, for the reason that it does not appear that the objections made to the charge in that regard by appellants were either called to the attention of or acted upon by the court below; merely making and filing the objections—all that is reflected in this record—seems under the statute and decisions not to be enough. R. S. art. 2185; Q. A. & P. Ry. Co. v. Galloway (Tex. Civ. App.) 165 S. W. 546; Lowery v. McCrary (Tex. Civ. App.) 213 S. W. 736; Smith v. Belding (Tex. Civ. App.) 224 S. W. 562; Great Northern Life Ins. Co. v. Holmes (Tex. Civ. App.) 267 S. W. 736

Further discussion is deemed unnecessary, as these conclusions require an affirmance; that order has been entered.

Affirmed.

#### On Motion for Rehearing.

In their motion for rehearing, appellants' capable counsel properly criticize this statement in our original opinion:

"Whereas there is such negligence in all the several enumerated respects attributable to the appellants, the dominating one of them being the speed at which Kordowitz drove their car, since the quoted finding of an 'unavoidable accident' expressly by its terms exculpated only the appellee and the deceased, Torres —not Kordowitz, all of whose culpable acts were binding on appellants, and whose negligent speed was still held to have proximately and solely caused the tragedy."

It is, however, merely an inaccuracy in expression, as it was not intended to be held that any other negligent acts of Kordowitz than his excessive speed, which the jury found, on sufficient evidence, constituted the sole proximate cause of the accident, were attributable to and binding on appellants, their son having been an invited guest in the car he was driving.

The correction is made with appreciation for the opportunity thus occasioned.

The motion for rehearing, after careful consideration, will be overruled.

Overruled.