[Civ. No. 2702.   Fourth Appellate District.—November 6, 1940.]

ELLEN PARSELL et al., Appellants, v. SAN DIEGO CONSOLIDATED GAS & ELECTRIC COMPANY (a Corporation), Respondent.

Y. A. Jacques and Charles E. Burch, Jr., for Appellants.

Sanders & La Motte for Respondent.

BARNARD, P. J.—This is an action for personal injuries. A jury having brought in a verdict in favor of the plaintiff, the defendant moved for a judgment notwithstanding the verdict, the motion being in the alternative form permitted by section 629, Code of Civil Procedure, and the right to ask for a new trial in the event of the denial of the motion being reserved. The motion was granted and the plaintiffs have appealed from the judgment then entered.

The accident happened in a paved alley in the City of San Diego, the northern end of which runs into University Avenue. In installing certain gas service for a barber shop which stood at the southwest corner of the intersection of this alley

with University Avenue, the respondent, in the spring of 1938, dug a trench in the concrete pavement of the alley some 16 or 18 feet south of its intersection with University Avenue. The trench was later filled in and the pavement repaired, but there is evidence that after that was done several piles of "stones, broken pieces of concrete, rocks and dirt" were left along the easterly edge of the alley pavement and near a retaining wall along the lot on which the building stood which housed the barber shop. These piles of dirt, stones and broken concrete remained there for several weeks after the excavation was filled, and there is evidence that from time to time passing vehicles knocked small rocks and pieces of concrete out onto the pavement as far as a manhole which stood in the center of the pavement and about 18 feet south of the property line.

On May 24, 1938, at about six o'clock in the evening, Ellen Parsell, one of the appellants, while on her way from her home to a store, entered this alley at the southern end of that block and proceeded through the alley toward University Avenue. As she reached the vicinity of the manhole above mentioned she walked around it and had taken two or three steps when she suddenly stepped on a small piece of stone or broken concrete and fell to the pavement, receiving the injuries complained of. She testified that prior to her injury she had passed through this alley at least once a day for many years, that for "quite some time" she had seen these piles of debris near this retaining wall, and that on prior occasions there had never been any stones or broken concrete in her pathway as she walked along the alley.

The first question presented is whether the evidence is sufficient to show any negligence on the part of the respondent which was a proximate cause of this accident. No contention is here made that the evidence does not sufficiently disclose that a quantity of stones and broken concrete was left on this pavement by the respondent after it completed the filling in of its excavation. The respondent does contend, however, that the appellants failed to sustain the burden of proving that the injury in question was proximately caused by the acts of the respondent rather than by the acts of other parties. In this connection, in granting the motion for a judgment notwithstanding the verdict, the trial judge said that he felt "that the uncontradicted evidence showed that

there was an equal opportunity for the rocks to be there either by virtue of some act of the gas and electric company or an independent agency, along the side, from some other source''.

There is considerable evidence given by several witnesses to the effect that the rocks and pieces of broken concrete which were piled upon the pavement of this alley along its easterly edge and near the retaining wall, about opposite the point where the excavation had been made, came from that excavation and the cutting of the pavement in connection therewith. On the other hand, the respondent relies upon other evidence which it contends indicates that the rocks or small pieces of broken concrete which were out of the pavement in the vicinity of the manhole, and upon one of which Mrs. Parsell claimed to have stepped, might have come from either of two operations which had previously been conducted on the lot where the barber shop stood. One of these was the building of the retaining wall which we have mentioned and the other was the erection of a lean-to in the rear of the barber shop. They also rely on evidence that some distance south of the barber shop and at about the middle of this block, a number of rather large and jagged pieces of broken concrete had for a long time lain along the edge of the pavement of this alley, having been placed there for the purpose of protecting a fence from automobiles which were backed out of garages on the opposite side of the alley. One witness testified that in backing his automobile out of one of these garages he sometimes hit these larger pieces of concrete and broke off small pieces therefrom, and that at times he had seen boys throw these small pieces around on the alley pavement.

The record does not sustain the court's statement that the uncontradicted evidence was to the effect that there was an equal opportunity for the ''rocks'' which caused the injury to have been where they were either because of acts of the defendant or because of acts of someone else. While there is some evidence to that effect, there is also evidence that all debris was removed after the preceding operations, and direct evidence that these ''rocks'' came from the respondent's operations and were left on the pavement by the respondent. The most that can be said in this regard is that there is a conflict in the evidence. The entire question of negligence on the part of the respondent and whether any such negligence was a proximate cause of this injury was one of fact for the

jury.· ▉ ·While it may be conceded that the evidence of negligence on the part of the respondent which was a proximate cause of this injury was somewhat weak and, further, that a new trial could properly have been granted by the court, the evidence in this connection did not warrant and will not sustain a judgment notwithstanding the verdict, under the familiar rules governing the entry of such a judgment.

▉ The next question is whether contributory negligence on the part of the injured appellant appears as a matter of law. The respondent contends that this appellant had seen these piles of rock and broken concrete on the easterly edge of the pavement of this alley, that any danger therein was as obvious to her as it was to the respondent, that it must be presumed that she knew that these small rocks or pieces of concrete were daily being moved about over the pavement by passing vehicles, and that it must be held as a matter of law that she was guilty of contributory negligence. A number of cases are cited involving an invitee upon private premises, and obvious dangers, wherein it has been held that contributory negligence appeared as a matter of law. Cases are also cited where the plaintiff knew of an obviously dangerous situation on a sidewalk or a street, which danger he forgot or disregarded at the time in question. *Blodgett* v. *B. H. Dyas Co.*, 4 Cal. (2d) 511 [50 Pac. (2d) 801], is also cited where the plaintiff, without looking, stepped into an open stairway on private property in broad daylight. Without analyzing these cases it is sufficient to say that they are not controlling here. There is a clear distinction between the facts of this case and those involved in cases where a person is an invitee upon private property, as well as in some of the rules applicable to the two situations. There is an equal distinction between the facts of this case and those of certain cases where fixed defects which were inherently dangerous existed in streets and sidewalks and were not only obvious but known to the injured party.

▉ The respondent also contends that since there was evidence that this injured appellant could have proceeded over sidewalks which were safe in going from her home to the store, by going around the block either to the right or left, and that these respective distances were just as short or practically so, she must be held guilty of contributory negligence as a matter of law. Reliance is placed upon the case

of *Buckingham* v. *Commary-Peterson Co.,* 39 Cal. App. 154 [178 Pac. 318], where the plaintiff was injured while attempting to pass over a highway which was being reconstructed and which was not open to public travel. The respondent also relies on *Mora* v. *Favilla,* 186 Cal. 199 [199 Pac. 17], where another safe way existed and the plaintiff was warned that the sidewalk was in a dangerous condition. Also, the case of *Eldridge* v. *Clark & Henery Const. Co.,* 75 Cal. App. 516 [243 Pac. 43], where it is stated that when a person uses a street or sidewalk which his observation would inform him is dangerous he takes the risk of such injuries as may result from open and apparent defects which he ought to have seen and avoided. Again the facts of the instant case distinguish it from the cases relied on. This alley was open to public travel and it appears from the evidence that it was being regularly used both by vehicles and pedestrians. No warning was given and there was no obvious defect which was known to the injured appellant which affected that part of the pavement upon which she was accustomed to travel. While there was some evidence that certain witnesses knew that some of these stones or broken concrete were daily moved about over the easterly half of this portion of the alley pavement by passing vehicles, we can find no evidence to the effect that this was known to this appellant or that the moving of such stones extended to the portion of the alley which she ordinarily traveled, and the question whether she should have seen so small a stone as the one which caused her injury is one of fact rather than one of law. While the question of contributory negligence may have been a close one at best, under all of the circumstances here appearing we think it was a question of fact for the jury and that the judgment may not be sustained on the theory that this appellant was, as a matter of law, guilty of contributory negligence.

The respondent makes the final contention that the judgment, as entered, should be affirmed because it appears that the cause of action upon which the appellants' recovery and judgment was based is barred by the statute of limitations. The contention is that, while the original complaint was filed within one year after the date of the accident, the action was tried upon a complaint which included a third amendment which was filed more than a year after the accident occurred; that this amendment set up an entirely new

and different cause of action; that the gist of the original cause of action was that the respondent had left an unguarded trench or excavation in this alley, over which this appellant had stumbled and fallen; that the amended complaint charged the respondent with negligence in leaving pieces of rock and concrete on the pavement of this alley; and that these are entirely different torts, involving entirely different rules and defenses.

In the original complaint it was alleged that this appellant, while walking through this alley, stumbled and was forcefully thrown "by reason of the negligent, careless, wilful and unlawful conduct of defendant in leaving an excavation in said alley in a dangerous and unprotected condition". In the third amendment it was alleged that the defendant on or about the month of April, 1938, in the course of its operations entered this alley and dug an excavation or trench therein, piling the excavated material from said trench upon the paved and traveled portion of the alley; that the defendant on or about May 1, 1938, refilled said trench or excavation but negligently left a portion of the excavated material consisting of rock, dirt and jagged pieces of cement concrete pavement upon the easterly side of the traveled portion of said alley; that this constituted a dangerous and hazardous condition; and that this appellant on a certain day stumbled and tripped upon the excavated material thus left upon the paved portion of the alley. In the original complaint it was not alleged that this appellant fell into or over an excavation, but it was alleged that she stumbled and was forcibly thrown by reason of the negligent act of the respondent "in leaving an excavation in said alley in a dangerous and unprotected condition". While the third amendment to the complaint went more into detail, the cause of action was not changed and it was still alleged that the plaintiff was injured because of the respondent's negligent act in leaving the excavation in a dangerous and unprotected condition through leaving certain material on the pavement after the excavation had been filled. No authorities are cited which are here applicable, and we are constrained to hold that the cause of action was not so changed as to bring it within the bar of the statute of limitations.

The judgment appealed from is reversed, with directions to deny the motion for a judgment notwithstanding the verdict, whereupon the defendant may, if it desires, present its

application for a new trial as provided for in section 629 of the Code of Civil Procedure.

Marks, J., and Griffin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 5, 1940, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 3, 1941.