[Civ. No. 2809.    Fourth Dist.    July 24, 1941.]

ELLEN PARSELL et al., Respondents, v. SAN DIEGO CONSOLIDATED GAS & ELECTRIC COMPANY (a Corporation), Appellant.

Sanders & Kahn for Appellant.

Y. A. Jacques and Charles E. Burch, Jr., for Respondents.

BARNARD, P. J.—In this action for personal injuries a jury returned a verdict in favor of the plaintiffs. A judgment notwithstanding the verdict which was then entered was reversed by this court (41 Cal. App. (2d) 382 [106 Pac. (2d) 935]), on the grounds that while it was weak there was some evidence of negligence on the part of the defendant and that

the question of contributory negligence was one of fact rather than one of law, with the suggestion that a new trial could properly be granted. After the going down of the *remittitur* the defendant presented its motion for a new trial which the court, in effect, denied by not granting the same within the required time. A judgment was then entered in favor of the plaintiffs in accordance with the verdict of the jury and the defendant has appealed.

The first point raised is that a "new trial should have been granted." The trial judge, in granting the motion for a judgment notwithstanding the verdict, must have been of the opinion that there was no evidence at all to sustain the verdict. On the former appeal, we were compelled to hold that there was some evidence of negligence, although we pointed out its weak character and suggested the propriety of granting the motion for a new trial. As has been frequently said, a trial judge, in passing upon a motion for a new trial, is in effect a thirteenth juror. It is his duty to reweigh the evidence and pass independent judgment upon it, and he should not permit a verdict to stand which he does not consider just even though there be some evidence to support it. In this case the trial judge had recognized the inherent weakness in the evidence and it is difficult to understand how, after a reversal which confirmed that view but pointed out the proper remedy, he could have deemed the same evidence sufficient to justify the denial of a new trial. We agree with the appellant that a new trial ought to have been granted on the ground of the insufficiency of the evidence, but where questions of fact are concerned the rules governing an appellate court are not the same as those that govern a trial court. Under our system a trial judge's decision on the facts must stand, where there is any substantial evidence to support it, regardless of whether or not we think that decision should have been otherwise. It follows that in reviewing this judgment we are limited to a consideration of errors of law and their prejudicial effect.

Appellant's next contention is that there is no evidence of any negligence on its part. This was thoroughly considered and passed upon in the decision on the former appeal, nothing new is presented, and no further consideration is necessary.

It is next contended that the court erred in giving an instruction, based upon a city ordinance, which told the jury that as soon as the work which had been done in this alley was

completed it was the duty of the appellant to put the excavated portion of the pavement in as good condition as the same was in before the work was commenced. It is argued that this instruction should not have been given since there was no evidence justifying the inference that the alley was not left in such condition. As pointed out in our former opinion, there was some evidence that small rocks or pieces of concrete were left on the pavement after the excavated portion was filled in. The point now raised is without merit.

It is next urged that the court erred in refusing several instructions offered by the appellant on the question of damages. All of the elements of these instructions were covered in other instructions which were given, with one exception. There was included therein an instruction that in no case must the jury assess damages in excess of the amount prayed for in the complaint, which was $14,000. No such instruction was given to the jury at any time. However, the verdict returned was for less than that amount, being for $8150. No contention is here made that the verdict is excessive but cases are cited in which it has been held that such an instruction might properly be given, and other cases where the refusal to give such an instruction has been held not to be prejudicial since it appeared that no request therefor had been made. No cases in this state are cited, and we have found none, which hold that the refusal to give such an instruction when requested is, in itself, prejudicial error. The appellant argues that prejudice must be presumed because in every case the amount of the verdict "is a compromise between the extremes of 'high' and 'low' which are entertained by the individual jurors"; that if such an instruction be not given those jurors favoring a high amount may start out with $100,000; that the resulting compromise will be proportionately high; and that if the jurors favoring a high amount had been limited to the amount prayed for the resulting verdict would have been correspondingly less. We cannot indulge in any such assumption as that asked for in order to upset a judgment and the fact remains that no prejudice is here shown. The verdict was well within the amount prayed for in the complaint and the reasonableness of that amount is in no way attacked. In many cases it might even be of benefit to a defendant to withhold from the jury the amount prayed for. While, as frequently held, such an instruction may

properly be given we are unable to hold that the refusal to do so constitutes reversible error in the absence of any showing of prejudice in a particular case.

It is next contended that an instruction relating to future damages on account of injuries suffered by one of the respondents was erroneous. In that instruction the jury was told ''you may not compensate plaintiff for prospective damages, unless, as shown by a preponderance of the evidence, there is such a degree of probability of that damage occurring as amounts to a reasonable certainty that it will result from the original injury.'' Later, in the same instruction, the jury was told that it might include an allowance ''for such pain, discomfort and anxiety, if any, as she is reasonably certain to suffer in the future from the same cause. You are also entitled to compensate her for any permanent damage, if any appears reasonably certain from the evidence, to flow as a proximate result from the accident and injuries.'' It is first argued that this instruction was incorrect in that it authorized the jury to award future damages if it appeared probable that these would result, without regard to their certainty. This contention is without merit as the instruction plainly limited any such recovery to such future damage as was reasonably certain to be suffered. It is further argued in this connection that there is no evidence, expert or otherwise, that this respondent would suffer any future pain or disability. This case was tried nearly two years after the happening of the accident and this respondent testified that she had little, if any, use of her hand and arm and that she was unable to fasten her clothes or tie her shoestrings. She further testified that she had suffered continuously and was still suffering, that she still had pain in her wrist, elbow and shoulder, and that she still had to continually change the position of .her arm in order to ease the pain. We think this evidence was sufficient to justify the giving of the instruction, under the authorities. (*Oliveira* v. *Warren*, 24 Cal. App. (2d) 712 [76 Pac. (2d) 113]; *Armstrong* v. *Ford*, 30 Cal. App. (2d) 347 [86 Pac. (2d) 385]; *Cordiner* v. *Los Angeles Traction Co.*, 5 Cal. App. 400 [91 Pac. 436].)

It is next urged that the verdict is the result of passion and prejudice and that the court erred in permitting Charles R. Parsell, one of the respondents, to be brought into court on a hospital stretcher where, it is said, he presented a pitiable sight to the jury. An objection was made and over-

ruled. While the appellant's counsel stated, "I might be willing to stipulate to what he would say," he made no direct offer to make such a stipulation and none was made or accepted by the other side. Not only was Mr. Parsell a plaintiff in the case, but he was called as a witness and gave material testimony relating to what occurred at a time when the other respondent's statement was taken, the facts concerning which he testified being directly in dispute. It appears that Mr. Parsell had been bedridden for some years, that this condition had no relation to the accident here in question which resulted in injuries to his wife, and the matter of sympathy which might be inspired in the jury arose only incidentally. This was not sufficient to deprive the respondents of the right to present their evidence and no error appears in this connection.

■ Error is assigned in the denial of the appellant's motion to have the jury taken to the scene of the accident to view the alley where it occurred and the surrounding conditions. Nearly two years had elapsed since the accident occurred, there was no possible way of having the conditions the same, and the matter was peculiarly within the discretion of the trial court.

■ The last point raised is that the court erred in refusing instructions requested by the appellant which included the following: "You are instructed that where a person undertakes to walk down a public alley, that is not provided with sidewalks for pedestrians, that the law requires such an individual to exercise a greater degree of care for their own safety and well-being than would be necessary in walking upon a sidewalk constructed and designed for the use of pedestrians." Other portions of these instructions, relating to the degree of care required of a plaintiff in walking along an alley, to knowledge of defects and obstructions, and to necessary precautions in view of existing conditions, were fully covered in other instructions which were given. The only question here is whether the appellant is entitled to an instruction to the effect that a higher degree of care is required of a pedestrian who walks along an alley than of one who walks along a sidewalk. This accident happened in the daytime and no question of darkness or inability to see is involved. The alley was a public way and open to traffic and there can be no question that this respondent had a right to walk through the same. While doing so, she was required to exercise reasonable care

in view of existing conditions just as she would have been had she been walking along a sidewalk constructed especially for pedestrians. While the amount of care in either case might depend upon existing conditions, the degree of care which was required would be no higher merely because she was walking through an alley. The appellant was not entitled to the instruction in the form in which it was requested.

We find no error of law which is sufficient to justify a reversal.

The judgment is affirmed.

Marks, J., and Mundo, J., *pro tem.*, concurred.

A petition for a rehearing was denied August 6, 1941, and appellant's petition for a hearing by the Supreme Court was denied September 13, 1941.