GEORGE L. JORDAN v. CEDAR RAPIDS & MARION CITY RAIL-WAY COMPANY, Appellant.

**Personal injury:** DAMAGES: INSTRUCTION. In a personal injury
1  action, an instruction in relation to damages for future pain and suffering, is held unobjectionable as assuming that plaintiff would suffer pain in the future.

**Damages:** INSTRUCTION. In a personal injury action, an instruction
2  that plaintiff should be allowed damages on account of impaired ability to labor and earn money in the management and pursuit of his business, is held to have support in evidence.

**Evidence:** PROFITS. Under the allegations of the petition, evidence of
3  plaintiff's profits in his business was held admissible on an issue of damage resulting from a personal injury, no objection to the relevancy having been made at the trial.

**Damages:** EVIDENCE: SPECULATIVE PROFITS. One engaged in buying
4  and selling live stock on his own account in a steady and continuous market, may, in an action for personal injury, show his income from his business prior and subsequent to his injury, not for the purpose of establishing a rule by which his damages are to be measured, but as tending to show a decreased earning capacity in the management and pursuit of his business, and instructions submitting the evidence upon that theory are not objectionable as permitting a recovery of remote and speculative profits.

VOL. 124 IA.—12

Damages: FUTURE PAIN. Where there is evidence of permanent injury and present pain produced thereby, the jury may conclude therefrom that future pain may be suffered.

Verdict: WHEN NOT EXCESSIVE. In a personal injury action, where the evidence tended to show the injury severe, permanent and still painful, and that plaintiff was comparatively active and energetic at the time of the accident, and that his earning capacity had been greatly reduced, a verdict for $4,000 was not excessive.

*Appeal from Cedar Rapids Superior Court.*— HON. JAMES H. ROTHROCK, Judge.

TUESDAY, MAY 10, 1904.

SUIT to recover for personal injuries caused by a collision .of cars on the defendant road. There was a verdict and judgment for the plaintiff. The defendant appeals. — *Affirmed.*

*Chas. A. Clark & Son* and *Wm. G. Clark,* for appellant.

*Rickel, Crocker & Tourtellot,* for appellee.

SHERWIN, J.— The plaintiff's injuries were received in a collision between cars on the appellant's electric railway. At the close of the evidence on the trial, the defendant admitted of record that the plaintiff was entitled to recover, that there was no claim of contributory negligence on his part, and that the only question in the case was the measure of damages. The petition alleged that at the time of his injury the plaintiff was 54 years old, sound and healthy, and capable of and actually earning large sums of money for his personal services and exertions, and in the management of his business. In stating the issues, the trial court copied this paragraph of the petition almost literally, and the appellant now says that by so doing it assumed and asserted the truth of the facts therein pleaded. There is no merit in the contention, however, for the court simply recited the claims made by the

plaintiff, and its statement could not have been misunderstood by the jury.

In the first clause of its second instruction, the court told the jury to award the plaintiff " such further sum as is shown

1. DAMAGES:       by the evidence to be an amount that will rea-
   instructions.  sonably compensate him for the pain and suffering that, as shown by the evidence, it is reasonably certain he will incur and suffer in the future because of his injuries." It is said that the court assumed therein that it was reasonably certain that the plaintiff would suffer pain in the future. The construction of the sentence may not be above criticism, but, considered in connection with the entire charge, its meaning was not doubtful, and we do not believe that the jury construed it as counsel does.

The court instructed that, if the jury found from the evidence future disability, the plaintiff should be allowed a

2. SAME.        sum that would reasonably compensate him for his impaired ability to labor and earn money " and manage and pursue his business in the future," and he further told the jury that its inquiries " should be directed to the value of the personal services of the plaintiff in the management and pursuit of his business." Complaint is made of these instructions, grounded upon the claim that there was no competent evidence of the value of the plaintiff's time or services. The plaintiff testified on this subject, however, without any objection as to his competency. If the witness was competent, the testimony certainly was, because it tended to support one of the vital issues in the case; hence we think the court rightly instructed on the subject.

It is said that there was error in receiving evidence of the profits of the plaintiff's business as a dealer in live stock,

3. EVIDENCE:    because it was outside of the issues tendered by
   profits.     the pleadings. It is undoubtedly true that profits were not specifically pleaded as the measure of the plaintiff's damages, nor is it so claimed by him. But the petition alleged that he had lost much valuable time on account

of his injuries, and would be compelled to lose further time in the future, and that his ability to labor, earn money, and manage and pursue his business had been permanently injured and impaired.   We think this allegation was broad enough to let in the testimony complained of.   *Bailey v. City of Center-ville,* 108 Iowa, 20.   No objection was made to it because it was irrelevant to the 'issue, and the point cannot be first raised in this court.   *Iselin v. Griffith,* 62 Iowa, 668.   It is the well-settled rule in this State, and in most of the other States, that there can be no recovery for profits which are of such a remote and speculative character that they cannot be legally proved.   *Bank v. Thurman,* 69 Iowa, 693; *Hich-born, Mack & Co. v. Bradley,* 117 Iowa, 130.   But in this case no such claim was made, nor was it tried or submitted to the jury on the theory that there might be a recovery for profits.

For years before his injury the plaintiff had devoted his entire time to buying and selling hogs and cattle — principal-

**4. DAMAGES: evidence; speculative profits.**  ly the former.   Most of his buying was on his own account, but he occasionally bought for others, either by the day, or at a stipulated price per head for the stock bought.   His home was in Linn county, and his. market, with few exceptions, was at Cedar Rapids.   It was possible to buy a load of hogs and deliver it to the packing house in Cedar Rapids in one day.   At any rate, his market for hogs was close at hand, steady and continuous. He testified that his personal earnings in the business up to the time of his injury had been about $1,000 per year, and that since that time he had been able to earn only about $30 per month, and this because of his inability to ride into the country and buy stock as he had theretofore done.   The court refused to strike this testimony, and instructed on the subject as follows:   " Some evidence has been introduced tending to show the amount of the earnings of the plaintiff before and after his injury, as derived from the prosecution of his busi-ness of buying and selling hogs and cattle.   This evidence

should not be regarded by you as establishing a measure or rule for the ascertainment of damages that may be awarded to the plaintiff for his loss of time, and because of his impaired ability to labor and earn money and to manage and pursue his business in the future, but is submitted to you as tending to show the decrease, if any, of his capacity to work and earn money and pursue his employment." In another instruction it was said: "And if you find from the evidence that, by reason of the injuries sustained by the plaintiff, his ability to labor and earn money and manage and pursue his business has been lessened and impaired, and that it is reasonably certain that such lessened and impaired ability will continue in the future, then you should allow him such reasonable sum as is shown by the evidence will reasonably compensate him for such lessened and impaired ability to labor and earn money and manage and pursue his business in the future. And in ascertaining and fixing such compensation, in so far as the management and pursuit of the business of the plaintiff is concerned, your inquiry should be directed to the value of the personal services of the plaintiff in the management and pursuit of his business." It is contended that the testimony as to the yearly income from the stock business, and the instructions, taken together, permitted the jury to base the plaintiff's earnings on the profits of his business, and that such profits were too remote and speculative to be susceptible of legal proof. We think the evidence competent, and the instructions correct. Whatever profits were made from his business were very largely the direct result of his personal skill and judgment as a dealer. He was not a feeder spending large sums of money and a great amount of time in preparing the stock for the market, and none of the uncertainties of that business were present in this case. More often than otherwise he bought and sold within a very short time, and on a stable market. There was and is always a steady demand for marketable stock, and, with the daily stock reports which are now received by all dealers, one who buys with skill and judg-

ment, and is able to sell within a few hours thereafter, is not, in our judgment, engaged in a business so uncertain in its character that the profits arising therefrom are too remote and speculative for legal proof. As we said in *Lund v. Tyler*, 115 Iowa, 236, " the business was one involving, not speculative profits, but mainly the personal efforts of the plaintiff, the profits in which could be considered as earnings, and therefore loss of time therein might be shown, as resulting in loss of earnings." But it is not necessary to determine whether the profits of his business afforded a legitimate basis for recovery, because, as we have seen, the case was not tried upon that theory. Under the holding in *Lund v. Tyler*, *supra*, the evidence was competent to show the earnings of the plaintiff prior to his injury. The same principle was announced in *Kendall v. City of Albia*, 73 Iowa 241; *Stafford v. City of Oskaloosa*, 64 Iowa 251; *Sachra v. Town of Manilla*, 120 Iowa 562; *Willis v. City of Perry*, 92 Iowa 307; *Kinney v. Crocker, Rec.*, 18 Wis. 82; *City of Ripon v. Bittel*, 30 Wis. 618; *Allison v. Chandler*, 11 Mich. 542; *Chicago, R. I. & P. Ry. Co. v. Posten*, 59 Kan. 449 (53 Pac. Rep. 465); *Wade v. Leroy*, 20 How. 34 (15 L. Ed. 813); *McLaughlin v. City of Corry*, 77 Pa. 432 (18 Am. Rep. 432); 8 Am. & Eng. Enc. of Law, 650; Watson's Damages for Personal Injuries, sections 109, 287, 290, 482, 486.

The question of future pain is generally more or less speculative, because its existence or nonexistence is a matter

5. Damages: future pain.

very largely within the knowledge of the injured person alone; but where there is evidence of a permanent injury, and of present pain produced thereby, the jury may consider such facts, and conclude therefrom that future pain may be suffered, and we know of no case in this State holding a contrary view. The weight to be given to the testimony on the point was for the jury to determine, and we think it sufficient to warrant the finding made.

The verdict has such support in the evidence that we

should not interfere with it. It was for $4,000, and this

6. VERDICT: when not excessive. amount is said to be excessive. The evidence tended to show that the injury was a severe one, and that it is permanent, and still painful; that the plaintiff was a comparatively young man at the time he was hurt, active and energetic; and that his earning capacity has been greatly reduced. If all this is true, as we must assume that it is, we should not disturb the verdict. It is not so large as to indicate that it was the result of improper influence or motive. *Collins v. City of Council Bluffs,* 32 Iowa, 325; *Bryant v. Railway & Bridge Co.,* 98 Iowa, 483.

We find no sufficient reason for reversing the case, and it is therefore AFFIRMED.