## GALVESTON, H. & S. A. RY. CO. v. HARLING. (No. 537-3285.)*

(Commission of Appeals of Texas, Section A. April 30, 1924.)

**1. Appeal and error ⊜⇒1060(1)—Statement of plaintiff's counsel held harmless error.**

That plaintiff's counsel in action for injuries told jury that to find plaintiff guilty of contributory negligence would deny him a recovery held not harmful.

**2. Damages ⊜⇒173(1)—Rule stated as to matters admissible in estimating diminished earning capacity.**

In determining damages, which plaintiff is entitled to recover for personal injuries, jury may consider his diminished earning capacity occasioned by his injuries, and all facts as to how much plaintiff had been able to earn within a reasonable time before injuries, should be before them to estimate his earning capacity before accident.

**3. Damages ⊜⇒173(1)—Evidence as to plaintiff's earnings held not too remote in time.**

In action for personal injuries, plaintiff's testimony as to his income from one to several years prior to accident was admissible as showing what his earning capacity was for a reasonable time before accident.

Error to Court of Civil Appeals of First Supreme Judicial District.

Action by W. A. Harling against the Galveston, Harrisburg & San Antonio Railway Company. Judgment for plaintiff was affirmed by Court of Civil Appeals (208 S. W. 207), and defendant brings error. Affirmed.

Baker, Botts, Parker &.Garwood, of Houston, D. R. Peareson, of Richmond, and Proctor, Vandenberge, Crain & Mitchell, of Victoria, for plaintiff in error.

Campbell, Myer, Myer & Freeman, of Houston, and C. I. McFarlane and W. I. McFarlane, both of Richmond, for defendant in error.

CHAPMAN, J. This suit was brought in the district court of Ft. Bend county by plaintiff, Harling, against defendant, railway company, for personal injuries alleged to have been received by plaintiff in a collision of an automobile, in which plaintiff was riding, and one of defendant's trains, at a railway and street crossing in the town of Richmond. Defendant's only special plea was contributory negligence. The case was submitted to the jury on special issues. The plaintiff obtained judgment in the trial court which was affirmed by the Court of Civil Appeals at Galveston, in an opinion by a divided court. 208 S. W. 207.

There are two questions before this court —the first is as to whether or not it was reversible error for plaintiff's attorneys in their argument to tell the jury, in view of the fact that the case was submitted upon special issues, that for them to find that plaintiff was guilty of contributory negligence would have the legal effect of precluding the plaintiff from recovering anything in the case, even though they should find that plaintiff was otherwise entitled to recover damages. The majority of the Court of Civil Appeals held that this was not reversible error, while the writer of the opinion held that it was.

As stated, the only plea of defendant, other than a general denial, was that of contributory negligence, and its pleadings stated the facts upon which it based its plea of contributory negligence, and stated that because of these facts plaintiff was not entitled to recover. The court gave in his charge to the jury a definition of contributory negligence.

[1] In the opinion of the Court of Civil Appeals it is stated that the issue as to whether the plaintiff was guilty of contributory negligence was a vital issue in the case, and was by the evidence a sharply drawn issue. Jurors are presumed to be men of ordinary intelligence, and it is incredible that men of ordinary intelligence would not have known from the proceedings of the case to the time the argument of counsel began that for them to find that plaintiff was guilty of contributory negligence would have the legal effect that plaintiff could not recover. We cannot see how it could jeopardize the rights of the railway company for plaintiff's counsel in their argument to tell the jury something that they must have already known at the time he told it to them. We are not to be understood as saying that it would have been reversible error for counsel to tell the jury the legal effect of their answer to a special issue, if the jury did not already know what the legal effect would be, for it is not necessary to determine that matter in this case.

The second question for our consideration involves the correctness of the ruling of the trial court in admitting certain evidence over the objection of plaintiff in error. After it had been shown that plaintiff had removed from Boston, Mass., to Houston, Tex., two years prior to the accident, and that he had engaged in a different business after moving to Houston, he was asked the following question:

"Mr. Harling, when I say 'income,' I mean what you made out of your horse business, not anything else, but just what you made out of your horse business during the last year before you came to Houston, and for a few years prior thereto.'"

And to which he made answer as follows:

"It fluctuated considerably in different years; my lowest was $5,000; I have made more than $10,000, but it ran somewhere from $5,000 to $8,000 for several years."

The objection to this testimony was:

"On the ground that same does not prove nor tend to prove the true and correct measure of damages in the case, and on the ground that the period referred to is too remote a period, and also that the question does not put the proper test as to what would develop the proper measure of damages in any event."

In Cyc. p. 202, this proposition is discussed as follows:

"For this purpose evidence of his general earning capacity in his vocation, the wages he has been previously earning, the nature and extent of his business, and the consequent loss arising from his total or partial inability to pursue the same in his accustomed manner is admissible, either when offered by himself or by others in a position to know, not as furnishing an arbitrary measure of damages, but as a guide or assistance in enabling the jury to exercise a sound and just discretion in determining the proper amount."

In Sutherland on Damages (4th Ed.) at page 4697, in discussing the matter here involved, the following language is used:

"The capacity of the plaintiff to earn money is not to be measured by the employment he was engaged in at the time his right of action accrued; he may show he was able to earn more money at some other calling."

And at page 4716 the following:

"In the absence of a fixed compensation for services the age of the person injured, his situation in life, condition of health and habits of industry, and the profits derived from the management of a business resulting from the personal attention and labor of the owner, as distinguished from profits arising from invested capital, are relevant facts."

In the case of Jordan v. Railway Co., 124 Iowa, 177, 99 N. W. 693, in a personal injury action it was held permissible for the plaintiff to prove his income from the business of buying and selling live stock as tending to show his earning capacity before the accident. In El Paso Electric Ry. Co. v. Murphy, 49 Tex. Civ. App. 586, 109 S. W. 489, wherein writ of error was denied by the Supreme Court, the plaintiff had moved from Corpus Christi to El Paso prior to the accident, and it was held permissible for the plaintiff to prove his income for many years prior to leaving Corpus Christi, and the court used the following language:

"Loss of or impairment of earning capacity is not always easy of calculation. It involves an inquiry into the value of the labor, physical or intellectual, of the person injured, before the accident happened to him, and the ability of the same person to earn money by labor, physical or intellectual, after the injury was received. Any evidence reasonably tending to show, either by itself or in connection with other evidence, what loss or impairment of such capacity has been sustained by the injured party, is relevant to the issue. While evidence of 'profits,' which represent the net gain made from an investment or from the prosecution of some business, is not admissible for the purpose of proving 'earnings,' which is the fruit or reward of labor, the price for services performed, yet such evidence is admissible as tending to show possession of business qualities, from which the value of 'earning capacity' may be deduced."

[2, 3] In determining the amount of damages that the plaintiff was entitled to recover, the jury could take into consideration the plaintiff's diminished earning capacity occasioned by his injuries, and in determining his earning capacity he would certainly not be confined to the amount he was earning at the time of the accident, but the jury should have before them all the facts as to how much the plaintiff had been able to earn, within a reasonable time before his injuries, to assist them in arriving at an estimate of his earning capacity before the accident. If the plaintiff had been a member of the medical or legal profession and had been successful in his profession in Boston, but had been unable to establish himself in his profession during the two years he had been in Houston prior to the accident, it would not be contended that in enabling the jury to determine the plaintiff's diminished earning capacity he would be confined to proving the amount he had earned from his profession during the time he had been in Houston, but under those conditions he could show the amount he had earned, within a reasonable time before he left Boston, and, if a member of one of those professions could make such proof, then we can see no good reason why a man engaged in the horse business should not be entitled to make the same character of proof. We think that the evidence complained of was not too remote as to time, and that it was not offered as a measure of damages, but as a circumstance to show what the earning capacity of the plaintiff was before the accident. There is nothing in this bill of exception to show just what was meant by the horse business, and we fail to find anything that would indicate that the amount derived by plaintiff from the horse business was from any other source than through his personal efforts, and he was entitled to show the amount of his income from his personal efforts for a reasonable time before the accident, and we find that the time inquired about did not go beyond a reasonable time.

We recommend that the judgment of the district court and that of the Court of Civil Appeals be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.