[Civ. No. 5907.   Third Appellate District.—February 5, 1938.]

ADELAIDE OLIVEIRA et al., Respondents, v. E. GUY WARREN et al., Appellants.

Hawkins & Hawkins, J. W. Hawkins and H. K. Landram for Appellants.

F. M. Ostrander and D. Oliver Germino for Respondents.

PULLEN, P. J.—This appeal is from a judgment wherein plaintiffs recovered from defendants damages arising out of an automobile accident.

It was stipulated that the plaintiff's injuries were proximately caused by the negligence of the defendants, and evidence was offered to prove the extent of such injuries. It was established that the injuries of plaintiff Adelaide Oliveira consisted of an injury to the knee, and a wound on the scalp and forehead which resulted in a scar somewhat in the form of the figure "H", one side of the "H" being approximately six inches in length and the other four inches in length. She also received an injury to her coccyx, and suffered from headaches and dizziness. For these injuries the jury awarded to Adelaide Oliveira $10,000.

Upon this appeal appellants complained of an instruction to the jury to the effect that in determining the amount of the damages to which the plaintiff Adelaide Oliveira was entitled they could consider "such reasonable sum as the jury may award for physical pain and mental suffering, if any, or reasonably certain to be suffered in the future from the injuries, if any".

The contention of appellants is, briefly, that the burden of proof was upon the plaintiff to prove damages, and she could not recover damages for future pain unless the evidence showed that it was reasonably certain that such pain would be suffered in the future, and before recovery of personal damages could be obtained for apprehended future con-

sequences of an injury there must be such a degree of probability of future pain occurring as to amount to reasonable certainty, that such will result from the original injury. ▮ Also, where the injury is subjective and of such a nature that a layman cannot, with reasonable certainty, know whether or not there will be future pain and suffering, then in order to warrant such an instruction as given above, and to authorize a verdict for future pain and suffering there must be offered evidence by expert witnesses who can testify that the plaintiff, with reasonable certainty, may be expected to experience future pain.

With this statement we have no particular quarrel. ▮ We believe, however, that an examination of the record will show that plaintiffs have maintained the burden required of them and that the court was justified in giving the instruction here complained of.

In regard to the injury to the knee of Mrs. Oliveira, Dr. Hillyer described the limitation of motion found in the knee action of plaintiff, and the damage to the knee joint itself. The doctor pointed out that the plaintiff was a woman weighing 260 pounds, and that the only relief to her would be the removal of the cartilage or cushion in the knee joint. The doctor pointed out that this cartilage acted ·as a cushion which, if removed, would leave no pad in the joint that nature had placed there for the purpose of absorbing shock. The only remedy would be an operation, and in view of the fact that the knee joint was easily infected and had little resistance to infection he expressed it as his opinion that it was doubtful whether such an operation should be performed. When asked further in regard to the knee, he said, "it probably will always remain painful, that knee".

Mrs. Oliveira complained also of having headaches and dizzy spells after the accident. It appears from her testimony that at the time of the accident she was rendered unconscious by a blow and suffered considerable shock. From this Dr. Hillyer testified it was reasonable to assume that Mrs. Oliveira suffered considerable damage to her brain structure causing concussion and possibly a slight contusion, and that no one could predict the ultimate outcome of a head injury, as sometimes a slight head injury could cause serious complications which might develop months or even two or three years later. The doctor was then asked: "Q. As I under-

stand, so far as these headaches and dizziness are concerned, those are permanent? A. Those are permanent, yes.''

The witness complained of severe pain in the region of the coccyx, and it was testified by medical witnesses for plaintiff that inasmuch as some eight months had elapsed from the time of the injury to the date of the trial, and no improvement had been shown, it was reasonable to assume that the condition would not improve without operative surgery. When asked if an operation would remove the trouble, a doctor testified: ''If it were removed, the pain on sitting on the tailbone would be relieved, but she would then be without a tailbone, which serves as a support to the pelvic muscle. Q. Would it affect her in after life? A. It would affect her to a certain extent, . . . ''

In regard to the scar across the forehead, Dr. Hillyer testified: ''The wound has healed with scar tissue and that becomes adhesive to the scalp and she has left a very hideous disfiguring scar on the forehead and scalp, which can never be removed; there is no skin over the area covering the scalp bone, except that which nature has tried to replace with scar tissue; scar tissue of course is a good resistance to infection, but it is very easily broken down under the slightest provocation.''

In *Jordan* v. *Cedar Rapids & M. C. R. Co.*, 124 Iowa, 177 [99 N. W. 693], the court said:

''The question of future pain is generally more or less speculative, because its existence or nonexistence is a matter very largely within the knowledge of the injured person alone; but where there is evidence of a permanent injury, and of present pain produced thereby, the jury may consider such facts, and conclude therefrom that future pain may be suffered. . . . ''

The foregoing indicates in a general way some of the testimony before the jury in regard to the permanency of the injuries mentioned and the probability of resulting future pain and suffering, but we think sufficient appears to make plain the general character of this testimony.

The question propounded by appellants is, does the foregoing justify the giving of the instruction complained of?

A somewhat similar question was presented in *Cordiner* v. *Los Angeles Traction Co.*, 5 Cal. App. 400 [91 Pac. 436]. The doctors there in conservative language expressed it as

their opinion that a brain injury sustained by the plaintiff might produce convulsions and paralysis, and that there was a danger of mental deterioration. The court held that such testimony tended to prove the ultimate fact, that is, the reasonable certainty that future evil consequences would result from the injury, and that it was for the jury to weigh and determine its value as proof.

In *Ward* v. *DeMartini*, 108 Cal. App. 745 [292 Pac. 192], an objection was raised that the evidence was insufficient to warrant giving the instruction upon the question of future pain and suffering. The testimony by one doctor was that the injury would probably be permanent; another doctor testified that with proper treatment plaintiff might recover but recovery would be slow. The court held there was no error in the giving of the instruction, and the testimony was sufficient to support the conclusion that the injuries were likely to be permanent.

Appellants also claim that where the injury is subjective, to warrant a verdict for future pain and suffering, evidence must be offered by expert witnesses that the plaintiff, with reasonable certainty, may be expected to experience future pain and suffering as a result of the injury.

It is undoubtedly the rule as contended by appellants that where an injury is subjective and of such a nature that laymen cannot, with reasonable certainty, know whether or not there will be future pain and suffering, expert evidence by men learned in human anatomy must be offered, who can testify either from an examination of the patient, by history of the case, or by hypothetical question, that the plaintiff with reasonably certainty may be expected to experience future pain as a result of the established injury.

Here we find evidence sufficient to bring this case within those requirements. In regard to the pain in the face and jaw the examining physcian found that plaintiff had sustained a crushing blow on the cheek injuring the sensory nerve which would cause the pain and numbness complained of.

The injury to the knee evidenced by restricted motion, swelling and bruises indicated to one familiar with the structure of the knee joint that pain was present aside from the complaints of the patient. Here on manipulation the doctor testified he knew objectively that plaintiff suffered pain. Likewise the doctor, being informed of the nature of the head

injury, the loss of consciousness, the growing irritability of the patient, was able to state that some injury had been done to the brain.

In examining the coccyx the examining physician determined the presence of pain not only by the voluntary statement of the patient but by the muscular reaction of the patient, and from his knowledge of the coccyx he could testify as to its condition and the necessity of an operation to afford relief. These excerpts from the record would tend to establish the required proof.

■ Complaint also is made that the verdict and the judgment are excessive. Examination of the record does not reveal undue passion nor prejudice upon the part of the jury.

Remembering the scar upon the forehead of plaintiff, which one doctor described as "a very hideous disfiguring scar" which never could be removed; that plaintiff suffered for many months from a series of abscesses which formed between the cranium and the periosteum; that the sensory nerve of the right cheek, which was crushed, caused pain and suffering on the side of the face and the teeth, and the injury to the coccyx, which could be corrected, if at all, by a surgical operation of doubtful efficacy, as well as to the injury to the knee, which likewise would require a surgical operation, the result of which is uncertain, together with the pain and suffering which the jury found that plaintiff was reasonably certain to suffer in the future, and the expenses of the hospital and medical attendance, all tended to justify the verdict returned by the jury.

A motion for a new trial also was made upon the ground that the verdict was excessive, which motion was denied by the trial judge. He had an opportunity to observe the plaintiff and hear the witnesses, and he was satisfied with the amount of the judgment.

Finding no error in the record before us, the judgment should be affirmed, and it is so ordered.

Thompson, J., and Plummer, J., concurred.