LEONARD C. YOUNT, APPELLEE, v. HOWARD L. SEAGER,
APPELLANT.
150 N. W. 2d 245
Filed April 28, 1967. No. 36372.

John E. Dougherty, for appellant.

Warren C. Schrempp, Schrempp, Rosenthal, McLane & Bruckner, and Carl E. Willard, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, and McCOWN, JJ., and LYNCH, District Judge.

LYNCH, District Judge.

This case arose out of an automobile accident which occurred on July 28, 1963, involving vehicles driven by the plaintiff and defendant. Prior to trial the defendant admitted liability. The plaintiff, his son, and plaintiff's employer testified relative to the plaintiff's health, employment, and condition before and after the accident; and an orthopedic surgeon, an internist, and a dentist testified as to plaintiff's injuries. An itemized list of special damages was received in evidence pursuant to stipulation that if qualified witnesses were called they would testify that the amounts were fair and reasonable. The list included doctor, dentist, drug, hospital, ambulance, nurse, and brace company charges totaling $1,791. No evidence was offered by the defendant. The jury returned a verdict for the plaintiff in the sum of $48,600.

In his appeal to this court, the defendant contends that the trial court erred in overruling his objections to voir dire questions; in denying a mistrial because of misconduct of counsel during opening statement; in improperly instructing on burden of proof and measure of damages; and in submitting to the jury the questions of future pain and suffering, future disability, future medical expense and disfigurement, and future loss of earnings. The de-

fendant also feels that the verdict is excessive.

During the voir dire examination of jurors, plaintiff's counsel asked if anyone "* * * would hestitate to deal in figures that are large and substantial figures if the testimony justified it?"; and "* * * would any of you make an award for less than what you felt the evidence justified out of sympathy for defense of the defendant?" Objections to the questions were overruled by the court. Apparently no challenges were made based upon the questions and the issue was not included in defendant's motion for new trial. On appeal defendant argues that the questions were designed to pledge the jury to a substantial sum.

This court held in Thorpe v. Zwonechek, 177 Neb. 504, 129 N. W. 2d 483, that: "The nature and extent of voir dire examination rests in the discretion of the trial court. If a party makes no challenge for cause and accepts the jurors, ordinarily he waives any objection to their selection as jurors." In 31 Am. Jur., Jury, § 138, p. 120, it is stated: "Generally, the extent to which parties may examine jurors as to their qualifications rests largely in the sound discretion of the trial court, the exercise of which will not constitute reversible error unless clearly abused, and where it appears that harmful prejudice has been caused thereby." This contention of the defendant has no merit.

Defendant's alleged error by the trial court in not granting a mistrial during the opening statement is based upon the following remarks of plaintiff's counsel: "That is, briefly, what the testimony will be in connection with the jaw area. In that regard, ladies and gentlemen of the jury, we will state at this time, because it is the only issue in this case, on that particular injury we feel that the evidence will justify an award in the amount of $3,000. * * * He was still working at his age earning $1,200 a year. We will have his employer here to verify that. * * * The evidence will further show that up to the present time on the earning loss, I was going to dis-

cuss he has lost earnings and will lose the total amount of $13,000 as I worked out to the expectancy of life given to you by the Nebraska statute. This, of course, will be up to you whether or not he worked the full time or how long he would have worked in that regard." A motion for mistrial was made after each statement.

In support of this complaint defendant cites section 25-1107 (1), R. R. S. 1943, and Lybarger v. State, 177 Neb. 35, 128 N. W. 2d 132. The defendant properly quotes from the Lybarger case that: "Counsel in referring to matters which he subsequently does not attempt to prove may be guilty of inexcusable misconduct prejudicial to the opposing side, justifying, in the case of proper objection, a new trial or a reversal." However, one cannot read into this, or the statute cited, a prohibition against suggesting realistic amounts for the elements of damage a party expects to prove. The circumstances of a particular case, wherein counsel attempts to influence jurors into thinking big by stating astronomic figures either in voir dire examination or opening statement, or both, may require the court to declare a mistrial. The court as a matter of discretion must decide whether fanciful or factual figures are being used and whether there exists the danger of an unfair verdict being induced for either side.

In the case of Baylor v. Tyrrell, 177 Neb. 812, 131 N. W. 2d 393, this court stated that: "It is not error for counsel in final argument to the jury to suggest flat amounts of recovery for different periods of pain, suffering, and disability, if such different periods of pain and suffering bear some real relation to differences demonstrated in the evidence." We can see no logical basis for barring reasonable suggestions during opening statements concerning intended proof of damages, especially in cases where the jury's only task is the fixing of damages. "In all cases considerable latitude must be allowed in the statement of what the party 'expects' to prove. The fact that he may fail to establish the facts which he may have

expected to prove does not necessarily establish the fact that the statement was intentionally false." Lybarger v. State, *supra*.

Nothing about the instant case requires a conclusion that the jury was improperly influenced and the defendant prejudiced by counsel's remarks during the opening statement. The ruling of the trial judge on each motion for mistrial was a proper exercise of discretion.

The court's instruction No. 5 reads in part as follows: "* * * you will return a verdict for the plaintiff in such an amount as you find from a preponderance of the evidence plaintiff's damages are as a proximate result of the accident. * * * In this connection, your attention is directed to Instruction No. 6 with reference to the measure of damages." The defendant contends that this instruction was prejudicially erroneous because it failed to specifically inform the jury that the burden was upon the plaintiff to prove the damages and their cause. In instruction No. 4 the court correctly defined preponderance of the evidence and proximate cause.

Mindful that the defendant admitted liability and that the only evidence presented to the jury was done so by the plaintiff, we cite the following proposition relative to instructing on the burden of proof: "Likewise, the instruction need not be given * * * where the charge given clearly defines the issues, and requires the jury to base their verdict on a preponderance of the evidence believed by them to be true. So a failure to give an instruction as to the burden of proof is immaterial if the evidence fully justifies a verdict in favor of the party on whom the burden properly rested, or where the burden has been tacitly assumed by the right party." 88 C. J. S., Trial, § 308, p. 824. The instruction given was not necessary; however, it was appropriate, and the defendant's claim of prejudice for lack of detail is unfounded.

The defendant contends that in instructions No. 1 and No. 6 the court submitted to the jury certain elements of damage not sustained by the evidence. Instruction

No. 1 included, among other matters, the injury allegations set out in the plaintiff's petition. Instruction No. 6 was the court's detailed instruction on damages. The claimed prejudicial elements contained in both instructions are specified in the following paragraph from instruction No. 6: "You will also consider any future pain and suffering, mental or physical; future disability and future loss of earnings; future medical expenses; and disfigurement; which you find by a preponderance of the evidence and with reasonable certainty will result to the plaintiff as a proximate result of the accident."

The expert medical testimony adduced by the plaintiff established that as a result of the accident the plaintiff's right leg is 2½ inches shorter than the left; that consequently he walks with a limp, must use a cane, and wear a built-up shoe; that the leg will tire more easily than the normal and "probably gives him a lot of discomfort because of the shift in the pelvis"; that plaintiff will always have a deviation of his jaw to the left; that dental plates were devised in an attempt to equalize the bite; that the plates tend to slip to one side when plaintiff's mouth is opened; and that plaintiff will always experience numbness because of the jaw problem.

The plaintiff testified that he loses his balance going over curbs, he must get up from bed frequently to exercise the leg, and that when he drinks coffee or eats hot food it seems to leak on the outside. And, of course, the court and jury could observe the plaintiff's jaw and leg conditions.

As to future pain, disability, and medical expense, the defendant's principal objection is that no doctor testified concerning them. He relies on the rule that expert testimony must be adduced showing the reasonable certainty of and necessity for such elements of damage.

Although expert opinion testimony is allowed, desired, and often necessary to establish certain elements of damage, such is not required just because the case may concern a matter of science or special knowledge. The

rule applicable in the instant case is set forth in 20 Am. Jur., Evidence, § 778, p. 649, as follows: "The question of the necessity of expert evidence to warrant submission to the jury of the issue as to permanency of an injury or as to future pain or suffering depends, in a large measure, upon the character of the injury involved, whether it is subjective or objective. Where the injury may be characterized as one of an objective nature and it is plainly apparent from its nature that it will be permanent or that the injured person will necessarily undergo pain and suffering in the future, the presentation of expert testimony is not essential; in such cases it is proper for the jury to pass upon such question without the aid of medical or other expert testimony." See, also, Annotation, 115 A. L. R. 1149. In the case at bar the court instructed from Nebraska Jury Instructions, Function of Judge and Jury, No. 1.01, which includes the accepted principle that jurors may apply to the subject before them that general knowledge which anyone may be presumed to have.

Although the occasion was a workman's compensation case, this court quoted the rule in Clark v. Village of Hemingford, 147 Neb. 1044, 26 N. W. 2d 15, as follows: "In personal injury cases where the injuries are objective and the conclusion to be drawn from proved basic facts does not require special technical knowledge or science, the use of expert testimony is not legally necessary." In 22 Am. Jur. 2d, Damages, § 312, p. 411, it is stated that: "* * * the need for future medical services and the reasonable value thereof may be inferred from proof of past medical services and their value." And in 25A C. J. S., Damages, § 162 (9), p. 110, it is stated: "* * * direct expert evidence is not, according to the general rule, always essential to establish the permanency or future, effects of an injury." The test is whether or not the particular issue can be determined from the evidence presented and the common knowledge and usual experience of jurors.

In the present case no one questioned the cause, obviousness, gravity, or permanency of the plaintiff's injuries which shall always impair some of the most essential and treasured functions of life, namely: Eating, talking, and walking. Also, the cost of medical and dental examinations and prosthetic devices, such as dentures and built-up shoes, are medical expenses not completely outside the knowledge of most people. Twelve persons of ordinary intelligence can form correct opinions concerning these matters where the injuries are apparent and the medical expenses to date of trial are in evidence. It was not error in this case to submit to the jury the issues of future pain and medical expense.

The defendant next contends that the trial judge's use of the term "loss of future earnings" instead of "loss of earning capacity" gave the jury no way of determining when loss of earning power commenced or ended and, hence, there could be a double recovery. An examination of instruction No. 6 reveals that in addition to the portion quoted above the court properly explained the difference between lost earnings and loss of or impairment of earning capacity. The parties and jurors actually received more enlightenmost than is required and customarily given. The defendant could not have been harmed by the court's handling of this subject.

The defendant's final contention is that the verdict is excessive. For support he reiterates in his brief the matters considered before in this opinion. The plaintiff suffered severe injuries of a permanently crippling nature. The special damages in comparison were minimal. "* * * where the recovery is not a mere matter of computation, it will not be interfered with unless so excessive or so grossly inadequate as to be indicative of prejudice, passion, partiality, or corruption on the part of the jury, or unless it appears to have been based on an oversight, mistake, misconception, or misinterpretation, or on a consideration of elements not within the scope of the action." 25A C. J. S., Damages, § 196, p. 262. "The amount of

damages in cases of this type is not based on any legal rule or formula for measuring them and rests largely in the sound discretion of the jury." Zawada v. Anderson, *ante* p. 467, 149 N. W. 2d 329.

This case was properly tried and submitted. The judgment is affirmed.

AFFIRMED.