MAUDENE HARMON, APPELLEE, v. CITY OF OMAHA, A MUNICIPAL CORPORATION, APPELLANT.

160 N. W. 2d 189

Filed June 28, 1968. No. 36918.

Allen L. Morrow and Theodore J. Clements, for appellant.

D. M. Murphy, Jr., and Gray & Brumbaugh, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

This is a proceeding under the Nebraska Workmen's Compensation Act. The plaintiff was injured while employed as a swimming instructor by the defendant, City of Omaha, Nebraska.

The plaintiff arrived at the Miller Park Pool, her place of employment, at about 8:30 a.m. on August 12, 1966. She entered the bath house for the purpose of changing from her street clothes in the central part of the building. While walking through a hallway leading to the central part of the building she came upon nine wire clothing baskets scattered about the floor of the hallway. She stopped to pick up the baskets so that she would not have to "kick them out of the way or stumble over them." She stacked the baskets and picked up five of them with her left hand and placed them on a counter. As she started to bend over to pick up the other four baskets, her left foot "started to slip." She "quickly jerked up" and experienced an intense pain in her back. She was then taken to a hospital where her injury was found to be a herniated intervertebral disk.

After a hearing before a single judge of the compensation court, the action was dismissed. Upon rehearing before the full compensation court, the plaintiff

recovered compensation for temporary total disability, a 20 percent permanent partial disability to her body as a whole, and medical and hospital expenses, one judge dissenting. Upon appeal to the district court the award of the compensation court was affirmed and the plaintiff was allowed $250 attorney's fees. The defendant has appealed.

The defendant contends that the evidence does not show that the plaintiff was injured as a result of an accident arising out of and in the course of her employment as required by the compensation act.

The term "accident" is now defined in the compensation act to be "an unexpected or unforeseen injury happening suddenly and violently, with or without human fault, and producing at the time objective symptoms of an injury." The act further provides that the term "injury" shall not be construed to include disability due to natural causes, "nor to mean an injury, disability or death that is the result of a natural progression of any preexisting condition." § 48-151, R. S. Supp., 1967.

The act formerly defined an accident as an unexpected or unforeseen *event* happening suddenly and violently, with or without human fault, and producing at the time objective symptoms of an injury. The substitution of the word *injury* for *event* has eliminated the necessity of proof of an event external to the body as a cause of injury. The effect of the amendment is to liberalize the act and bring it into conformity with the compensation laws of many other states. See, Gradwohl, Workmen's Compensation: An Analysis of Nebraska's Revised "Accident" Requirement, 43 N. L. R. p. 27; 4 Schneider, Workmen's Compensation (Perm. Ed.), § 1240, p. 384; 1A Larson, Workmen's Compensation Law, § 38.20, p. 521; Horovitz, Workmen's Compensation: Half Century of Judicial Developments, 41 N. L. R. p. 1.

The defendant contends that the plaintiff's injury did not arise out of her employment because it was not her

duty to clean up the bathhouse. The defendant argues that an employer is not liable for an injury caused by an act which is not within the contemplation of the parties to the employment contract.

All acts reasonably necessary or incident to the performance of the work are included within the scope of the employment. Appleby v. Great Western Sugar Co., Inc., 176 Neb. 102, 125 N. W. 2d 103; Uzendoski v. City of Fullerton, 177 Neb. 779, 131 N. W. 2d 193. The plaintiff was violating no rule of her employer; and although it was not her express duty to pick up clothing baskets which were on the floor, it was an act reasonably incident to her employment.

The evidence sustains a finding that the plaintiff sustained an injury arising out of her employment which was an accident within the meaning of the compensation law as now amended. The judgment of the district court is affirmed. The plaintiff is allowed the sum of $500 as attorney's fees for the proceedings in this court.

AFFIRMED.