TED YOST, APPELLANT, v. CITY OF LINCOLN, NEBRASKA,
APPELLEE.

166 N. W. 2d 595

Filed April 4, 1969. No. 37130.

Hal W. Bauer, for appellant.

Ralph D. Nelson, Jack B. Lindner, Carl C. Kopines, and Charles D. Humble, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

The plaintiff, Ted Yost, was employed by the City of Lincoln, Nebraska, as a maintenance repairman. At about 4:30 p.m. on June 9, 1967, the plaintiff was cutting plywood with an 8-inch skill saw. As the plaintiff was completing a cut across the center of a sheet of plywood, a "burst" of sawdust struck him in the face, some of which entered his right eye making it "sting."

The plaintiff stopped the saw, removed his glasses, wiped his eye with his handkerchief, and then washed

his eye with cold water. The plaintiff then completed the cut, put his tools away, and did nothing more until 5 p.m.

When the plaintiff arrived at his home his eye was bloodshot, watering, and throbbing. At about 6:30 p.m., a neighbor, who had been a nurse's aide, washed out the eye with a boric acid solution. At about midnight she washed the eye again and at that time it was starting to fester. The eye was very painful during the night and she washed it again at about 6:30 a.m. on Saturday. It was then shut tight and hard where matter had dried onto the eye. She washed the plaintiff's eye again on Sunday.

On Monday morning the plaintiff consulted Dr. H. O. Paulson who found a "very severe acute infection of the right eye" but no foreign body present. His report, which was received in evidence, states: "There was a very small corneal ulcer at 7:30 of the cornea which was on a (probable) infectious basis. Subsequent treatment showed the eye to clear up * * *. On 3 July 1967 (the previous ulcer had cleared up but the infection still persisted) a new corneal ulcer appeared at 12 o'clock of a branching nature across the pupillary area. This was typical of a virus infection of the eye (Herpes) and the subsequent treatment along this line showed a moderate response."

The infection continued and the plaintiff was hospitalized on July 18, 1967. The plaintiff was hospitalized again on August 21, 1967, at which time the eye was removed. It was the opinion of the then treating physician that removal of the eye was imperative at that time.

This action was brought to recover benefits under the Workmen's Compensation Law. After the hearing before one judge of the compensation court, and upon rehearing before the full compensation court, the action was dismissed. Upon appeal to the district court the court found in favor of the defendant and dismissed the

action. The plaintiff's motion for new trial was overruled and he has appealed to this court. We review the record de novo.

The plaintiff must prove that he sustained a personal injury as the result of an accident arising out of and in the course of his employment and that his disability was caused by the accident. Harrington v. Missouri Valley Constr. Co., 182 Neb. 434, 155 N. W. 2d 355. An "accident" is an unexpected or unforeseen injury happening suddenly and violently, with or without human fault, and producing at the time objective symptoms of an injury. § 48-151, R. R. S. 1943; Harmon v. City of Omaha, 183 Neb. 352, 160 N. W. 2d 189. An injury and resulting disability is not compensable if it is due to natural causes or is the result of a natural progression of any preexisting condition. Cook v. Christensen Sand & Gravel Co., 183 Neb. 602, 163 N. W. 2d 105.

The evidence in this case establishes an accidental injury arising out of and in the course of the employment. The problem is whether the infection which eventually resulted in the loss of an eye is traceable to the accidental injury.

The evidence shows the infection developed rapidly following the injury. Within an hour the eye had become painful. Within 6 hours it had begun to fester. The evidence as to the difficulties which developed immediately following the injury supports a finding that the infection developed as a result of the injury and was not due to natural causes or the natural progression of a preexisting condition. Nellis v. Quealy, 237 Iowa 507, 21 N. W. 2d 584.

The medical evidence in this case is less than satisfactory. It consists of brief reports by three of the treating physicians with no statement of opinion as to the source or cause of the infection. But direct expert testimony is not indispensable if the issue can be determined from the evidence presented and the common knowledge and usual experience of the trier of fact.

Clark v. Village of Hemingford, 147 Neb. 1044, 26 N. W. 2d 15; Yount v. Seager, 181 Neb. 665, 150 N. W. 2d 245. There, is nothing unusual about infection following the introduction of a foreign body into an eye. Sparks v. Long Bell Lumber Co. (La. App.), 175 So. 134. The fact that the infection developed immediately following the accident and continued until the loss of the eye supports an inference that the infection is traceable to the injury.

As we view the record, the evidence supports a finding that the plaintiff is entitled to compensation for permanent disability for the loss of his right eye, together with reimbursement for his medical and hospital expenses as shown in the record.

. The judgment of the district court is reversed and the cause remanded with directions to enter an award for the plaintiff in accordance with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.